IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT DEHNING,

    Plaintiff,                         Case No. 1:23:cv-1117

v.                                      Hon. Hala Y. Jarbou

GLOBE LIFE AMERICAN INCOME
DIVISION, et al.,

    Defendants.

## Joint Status Report Filed by the Parties

1. **Jurisdiction**: This case was originally filed in Ingham County, Michigan. Defendants removed the within case to the Western District of Michigan because there is complete diversity of citizenship amongst the parties, and the amount in controversy exceeds $75,000.00. Plaintiffs do not contest the removal, and the Parties agree that this Court has proper jurisdiction over this matter.

2. **Jury or Non-Jury**: This case is to be tried before a jury.

3. **Judicial Availability**: The parties do not agree to have a United States Magistrate Judge conduct proceedings in this case, including trial.

4. **Statement of the Case**: Plaintiff alleges wrongful discharge in violation of the Michigan Whistleblowers Protection Act. In addition to its Answer denying all allegations, Defendant AIL has filed a counterclaim against Plaintiff due to claims filed by a prior employee, Angela Ingalls, against Plaintiff.

5. **Prospects of Settlement**: The Parties have not attempted to settle this matter. Nevertheless, the parties remain open to settlement negotiations.

6. **Pendent State Claims**: The parties do not believe that any pendente state claims exist.

7. **Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by December 15, 2023.

1

8. **Disclosures and Exchanges**: The parties agree that the disclosures made pursuant to Fed. R.Civ.P. 26(a)(1) shall be due December 30, 2023.

    a. The parties agree that expert reports will be furnished for any expert who is called as a witness at trial.

        i. Plaintiff expects to be able to furnish names of expert witnesses by March 1, 2024.

        ii. Defendant expects to be able to furnish names of expert witnesses by April 1, 2024.

        iii. Plaintiff's expert report shall be furnished by March 1, 2024.

        iv. Defendant shall furnish any expert report by April 1, 2024.

    b. The Parties agree that Plaintiff's employment file shall be voluntarily produced by Defendant to Plaintiff by December 30, 2023.

    c. The Parties agree that any non-privileged file into the alleged harassment of Angela Ingalls shall be produced by Defendant to Plaintiff by December 30, 2023.

9. **Discovery**: The parties agree that all discovery can be completed by May 1, 2024. The Parties acknowledge that Interrogatories will be limited to 25 per side, and depositions will be limited to 10 per side, with no deposition lasting more than 7 hours. Any deviation from these limitations will require good cause shown.

10. **Disclosure or Discovery of Electronically Stored Information**: The parties have discussed production of Electronically Stored Information (ESI) and will either agree and/or submit a proposed plan by January 1, 2024, or they will each submit a proposal for the Court's review on that date should they be unable to agree on an ESI plan.

11. **Assertion of Claims of Privilege or Work-Product Immunity After Production**: The Parties agree that claims of privilege from any inadvertent disclosures of privileged material are not waived. The parties agree that any claims of privilege from inadvertent disclosure may be raised with the Court should the Parties become unable to resolve the issue after meeting and conferring on the matter.

12. **Motions**: The Parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, the Parties will confer in a good-faith effort to resolve the dispute. The Parties agree that all non-dispositive motions shall be accompanied by a separately filed certificate noting that the parties have met and conferred and were unable to resolve the matter between themselves.

    a. The parties agree that all dispositive motions will be filed by June 1, 2024.

13. **Alternative Dispute Resolution**: The Parties are open to any ADR, and prefer voluntary facilitated mediation.  No discovery is needed prior to ADR.

14. **Length of Trial**: The Parties estimate that the trial will last 4-5 days.  Plaintiff's case shall last 2-3 days and Defendant's case shall last 1-2 days.

15. **Electronic Document Filing System**: The Parties acknowledge that all documents must be filed and served electronically through the Court's CM/ECF

>
> Respectfully Submitted,
>
> GREWAL LAW PLLC
>
> /s/ *Tim P. Seeger*
> Tim P. Seeger
> *Attorneys for Plaintiff*
> 801 Broadway NW., Suite 302
> Grand Rapids, MI 49504
> Telephone: (616) 259-8463
> Tseeger@4grewal.com

3