IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT DENING,

    Plaintiff,                                            Case No. 1:23:cv-1117

v.                                                         Hon. Hala Y. Jarbou

GLOBE LIFE AMERICAN INCOME
DIVISION, et al.,

    Defendants.

### AMENDED[1] Joint Status Report Filed by the Parties

1. **Jurisdiction**:  The basis for the Court's jurisdiction is:

   This case was originally filed in Ingham County, Michigan.  Defendants removed the within case to the Western District of Michigan because there is complete diversity of citizenship amongst the parties, and the amount in controversy exceeds $75,000.00.  Plaintiff does not contest the removal, and the Parties agree that this Court has proper jurisdiction over this matter.

2. **Jury or Non-Jury**:  This case is to be tried before a jury.

3. **Judicial Availability**: The Parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and to order the entry of final judgment.

4. **Statement of the Case**: This case involves:

   a. Plaintiff's Statement:  Plaintiff alleges wrongful discharge in violation of the Michigan Whistleblowers Protection Act.  Plaintiff was employed by Defendants first in a Director of Sales role for a number of years before being promoted to Vice President of Field Operations.  In this role, Plaintiff was responsible for supervising and managing a team of Directors, as well as State General Agents.  In this latest role, Plaintiff discovered numerous instances of unethical and/or

---

[1] The Joint Status Report filed yesterday was an earlier draft, and not the agreed upon Joint Status Report.  The Parties respectfully request that the original Joint Status Report (ECF No. 12) be disregarded as it was not consented to by all Parties and was filed in error.  This Amended Joint Status Report is agreed upon and consented to by all Parties.

1

    illegal business practices indicating a clear pattern.  Plaintiff reported the unethical and/or illegal sales practices to Defendants, and specifically his bosses, Steven Greer (CEO) David Zophin (President), Joel Scarborough (General Counsel) and Debbie Gamble (Senior VP).  Despite Plaintiff making Defendants aware of the unethical and/or illegal business practices, Defendants failed to take corrective action and instead ignored, cover-upped, or otherwise concealed the unethical and/or illegal business practices.  When no corrective action was taken by Defendants, Plaintiff decided to blow the whistle on such activity by reporting the unethical and/or illegal activity to the Michigan Department of Insurance.  After Defendants learned that an investigation was being conducted by the Michigan Department of Insurance, Defendants instructed Plaintiff to "stop talking to his friends."  Plaintiff was thereafter ostracized by Defendants, and ultimately fired on May 19, 2023.

    b. <u>Defendants' Statement:</u>  Plaintiff was employed by Defendant American Income Life Insurance Company ("AIL") from 2012 to 2023.  Between February and October 2022, Plaintiff was in an intimate personal relationship with third party, Angela Ingalls.  Ms. Ingalls was an independent contractor sales agent who contracted with AIL to sell insurance products.  Ms. Ingalls was not an employee of AIL.

    Plaintiff attempted to use his position with AIL to secure full-time employment for Ms. Ingalls with AIL, but hid from AIL his relationship with Ms. Ingalls.  In or around October 2022, Plaintiff's relationship with Ms. Ingalls ended.  In retaliation, and without disclosing to AIL his personal relationship with Ms. Ingalls, Plaintiff withdrew his support for Ms. Ingalls's employment application.

    In early 2023, Ms. Ingalls sent a demand letter to AIL asserting claims for sexual harassment, retaliation, and retaliatory harassment, based on Plaintiff's conduct.  AIL investigated Ms. Ingalls's allegations, terminated Plaintiff's employment on May 19, 2023, and paid Ms. Ingalls a total of $150,000 pursuant to a settlement agreement.

    Plaintiff filed this wrongful discharge action, bringing a single claim for relief under the Michigan Whistleblowers Protection Act, as an ill-conceived attempt to divert from his legitimate termination for Plaintiff's conduct towards Ms. Ingalls.  AIL has filed a counterclaim for equitable indemnification for the full $150,000 settlement amount that AIL was required to pay to resolve Ms. Ingalls's claims.

5. **Prospects of Settlement**: The Parties have not attempted to settle this matter.  Nevertheless, the Parties remain open to settlement negotiations.

6. **Pendent State Claims**: This case does not include pendent state claims.

7. **Joinder of Parties and Amendment of Pleadings**: The Parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by December 15, 2023.

8. **Disclosures and Exchanges**:

    a. Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The Parties propose that the disclosures made pursuant to Fed. R. Civ. P. 26(a)(1) shall be due on December 30, 2023.

    b. Plaintiff expects to be able to furnish names of expert witnesses by March 1, 2024. Defendant expects to be able to furnish names of expert witnesses by April 1, 2024.

    c. It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required should be exchanged according to the following schedule:

        i. Plaintiff's expert report shall be furnished by March 1, 2024.

        ii. Defendant shall furnish any expert report by April 1, 2024.

    d. The Parties agree that Plaintiff's employment file shall be voluntarily produced by Defendant to Plaintiff by December 30, 2023.

9. **Discovery**: The Parties believe that all discovery can be completed by May 1, 2024. The Parties recommend the following discovery plan:

    a. Each side may serve up to 25 interrogatories and 25 requests for admission. Each side may serve additional interrogatories or requests for admission only upon agreement of the Parties or order of the Court upon a showing of good cause.

    b. Each side may conduct up to 10 depositions, with no deposition lasting more than 7 hours. Additional depositions will be permitted only upon agreement of the Parties or order of the Court upon a showing of good cause.

    c. Prior to production of any information in discovery, the Parties shall stipulate to a proposed Protective Order, and will file the same with the Court.

10. **Disclosure or Discovery of Electronically Stored Information**: The parties have discussed production of Electronically Stored Information (ESI) and will either agree and/or submit a proposed plan by January 10, 2024, or they will each submit a proposal for the Court's review on that date should they be unable to agree on an ESI plan.

11. **Assertion of Claims of Privilege or Work-Product Immunity After Production**: The Parties agree that claims of privilege and/or work product protection are not waived by any inadvertent disclosures.  The Parties agree that any claims of privilege from inadvertent disclosure may be raised with the Court should the Parties become unable to resolve the issue after meeting and conferring on the matter.

12. **Motions**: The Parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, the Parties will confer in a good-faith effort to resolve the dispute. The Parties agree that all non-dispositive motions shall be accompanied by a separately filed certificate noting that the Parties have met and conferred and were unable to resolve the matter between themselves.

    a. The following dispositive motions are contemplated:  motions for summary judgment or, in the alternative, partial summary judgment.

    b. The Parties anticipate that all dispositive motions will be filed by June 1, 2024.

13. **Alternative Dispute Resolution**: In the interest of conserving judicial resources, the Parties acknowledge that the Court will require the Parties to participate in some form of Alternative Dispute Resolution ("ADR"). The Parties recommend that this case be submitted to the following method of alternative dispute resolution:

    The Parties prefer voluntary facilitated mediation.  No discovery is needed prior to ADR.

14. **Length of Trial**: The Parties estimate that the trial will last approximately 4-5 days total, allocated as follows: 2-3 days for Plaintiff's case, and 1-2 days for Defendant's case.

15. **Electronic Document Filing System**: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

16. **Other:**  N/A.

Respectfully submitted,                                   Respectfully Submitted,


 /s/ *Tim P. Seeger*                                          /s/ *Christina M. Janice (w/ permission)*
Tim P. Seeger (P83315)                               Christina M. Janice, Esq.

| | |
|---|---|
| 801 Broadway Ave., NW, Ste. 302<br>Grand Rapids, MI 49504<br>(616) 259-8463<br>Tseeger@4grewal.com<br>ATTORNEYS FOR PLAINTIFF | Barnes & Thornburg, LLP<br>171 Monroe Ave., SW Ste. 1000<br>Grand Rapids, MI 49503<br>Christina.janice@btlaw.com<br>*Attorney for Defendants* |