IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT DEHNING,

    Plaintiff,

v.

GLOBE LIFE AMERICAN INCOME
DIVISION, et al.,

    Defendants.

Case No. 1:23:cv-1117

Hon. Hala Y. Jarbou

## PLAINTIFF'S ANSWER TO AMERICAN INCOME LIFE INSURANCE COMPANY'S COUNTERCLAIM AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff ("Plaintiff" or "Dehning") hereby answers the Counterclaim filed by Defendant, American Income Life Insurance Company ("Defendant" or "AIL"). Unless otherwise admitted, all allegations requiring a response are denied.

1.    Dehning's wrongful discharge claims is an ill-conceived attempt to divert from his legitimate termination for his behavior harassing and retaliating against Ingalls after she ended their intimate personal relationship. AIL did not retaliate against Dehning. Rather, Dehning filed a baseless wrongful discharge claim against AIL in retaliation for AIL's justifiable termination of Dehning in response to his conduct related to Ingalls.

**Response:** Paragraph 1 contains legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Plaintiff denies the allegations in paragraph 1.

2. Between February and October 2022, Dehning was in an intimate personal relationship with Ingalls. Dehning recruited Ingalls to contract with AIL as an independent contractor sales agent, encouraged Ingalls to move into his home, and provided Ingalls with gifts and cash payments to be used for Ingalls' rent and car payments. Dehning also used his executive position to attempt in September 2022 to secure for Ingalls a full-time employment position with AIL "[vouch]ing 100% on her work ethic and skills," but intentionally hiding from AIL his intimate relationship with Ingalls.

**Response:** Plaintiff admits that he had a personal relationship with Ingalls between February and October 2022. Plaintiff denies the remaining allegations contained in Paragraph 2.

3. In October 2022, Dehning's relationship with Ingalls unraveled and Ingalls would not speak with him. Dehning attempted to use his position of power and his ability to help secure a full-time position with AIL. Indeed, Dehning left Ingalls a voicemail in which he threatened "I need you to think of every single thing I've done for you ... I mean my god I'm letting you keep the jobs. I'm doing still (sic) everything for (sic) to help you. I mean it's the least you could do for me." When Ingalls did not respond to Dehlings pleas, Dehling retaliated against Ingalls by contacting AIL representatives involved with making hiring decisions and stating "[Y]ou can disregard Angie Ingalls for any position as some things come to light on skill she put down that she does not have and she accepted another position today. Thank you both for doing what you did to help but I cannot back her working here anyways at this point."

**Response**: Plaintiff lacks specific knowledge or information to form a belief regarding the truth of the allegations in Paragraph 3 regarding Dehning's statements. Plaintiffs and therefore denies same. Plaintiff denies the remaining allegations contained in Paragraph 3.

4. In January 2023, Ingalls sent a demand letter to AIL asserting claims for sexual harassment, retaliation, and retaliatory harassment based on Dehning's conduct.

**Response:** Paragraph 4 contains legal conclusions and legal arguments to which no response is required. Further, Plaintiff lacks specific knowledge or information to form a belief regarding the truth of the allegations in Paragraph 4 and therefore denies same.

5. AIL denied any wrongdoing, but after an investigation into Dehning's underlying conduct, AIL settled all claims with Ingalls in the amount of $150,000.00.

**Response**: Plaintiff lacks specific knowledge or information to form a belief regarding the truth of the allegations in Paragraph 5 and therefore denies same.

## THE PARTIES

6. Dehning is a Michigan resident and was employed by AIL from April 30, 2012 to May 19, 2023. At the time of his termination in May 2023, Dehning had the title of Vice President of Field Operations.

**Response:** Plaintiff admits that at the time of his termination in May 2023, Dehning had the title of Vice President of Field Operations. Plaintiff denies the remaining allegations contained in Paragraph 6.

7. AIL is an international provider of life, accident, and supplemental health insurance. AIL is an Indiana corporation with a principal place of business in Texas.

**Response:** Plaintiff admits to the allegations contained in Paragraph 7.

## JURISDICTION AND VENUE

.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the matter is between citizens of different states and the amount in controversy exceeds $75,000,

exclusive of interests and costs. AIL is a citizen of Texas and Indiana while Dehning is a citizen of Michigan. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

**Response:** Plaintiff admits to the allegations contained in Paragraph 8.

9. Venue is proper in the United States District Court for the Western District of Michigan under §1391 because Dehning is located in this District and the events giving rise to this dispute relate to Dehning.

**Response:** Plaintiff admits to the allegations contained in Paragraph 9.

## FACTUAL ALLEGATIONS

10. Ingalls was an independent sales agent who contracted with AIL to sell AIL's insurance products. Ingalls affiliated with the Chalom Agency from approximately April 26, 2022 through August 3, 2022, and with the Schrieber Agency from July 26, 2022 through November 17, 2022.

**Response:** Plaintiff admits that Ingalls was an independent sales agent who contracted with AIL to sell AIL's insurance product, and was affiliated with the Chalom Agency and Scrieber Agency. Plaintiff lacks specific knowledge or information to form a belief regarding the truth of the allegations in Paragraph 10 and therefore denies same.

11. Ingalls applied for an employment position with AIL in October 2022 but did not receive the position.

**Response:** Plaintiff admits the allegations contained in Paragraph 11.

12. On July 16, 2023, Ingalls, through her attorney, sent a demand letter to AIL asserting claims for sexual harassment, retaliation, and retaliatory harassment, based on the alleged conduct of Dehning.

**Response:** Paragraph 12 contains legal conclusions and legal arguments to which no response is required. Further, Plaintiff lacks specific knowledge or information to form a belief regarding the truth of the allegations in Paragraph 12 and therefore denies same.

13. In the January 16, 2023 demand letter, Ingalls alleged that: 1) submission to Dehning's conduct/sexual advances was made a term or condition, explicitly or implicitly, of Ingalls ability to obtain employment at the home office; 2) Ingalls' submission to or rejection of Dehning's conduct was used as a factor in Dehning's decisions or actions affecting Ingall's application for employment with AIL; and, 3) Dehning's conduct had the purpose or effect of substantially interfering with Ingall's application for employment.

**Response:** Paragraph 13 contains legal conclusions and legal arguments to which no response is required. Further, Plaintiff lacks specific knowledge or information to form a belief regarding the truth of the allegations in Paragraph 13 and therefore denies same.

14. According to Ingalls:

    a. Dehning repeatedly offered Ingalls employment opportunities with AIL and conditioned those opportunities on Ingalls' submission to Dehning's sexual advances.

    b. Dehning showered Ingalls with lavish gifts, cash, and use of his Maserati- all while using a potential employment with AIL as "bait" to pursue a sexual relationship with Ingalls.

    c. Dehning also pressured Ingalls to move into his home. When Ingalls declined to do so, Dehning became irate and retaliatory and withdrew Ingalls employment application to the home office.

**Response:** Plaintiff lacks specific knowledge or information to form a belief regarding the truth of the allegations in Paragraph 14 and therefore denies same.

15. AIL investigated Ingalls' claims and found merit to them. Among other things, AIL found:

    a. Dening met Ingalls in October 2021 and started an intimate personal relationship with Ingalls in February 2022. From February 2022 to October 25, 2022—the later being the date when his personal relationship with Ingalls ended—Dehning frequently corresponded with Ingalls about personal matters, including discussing matters of a sexual nature and encouraging Ingalls to move into his home, and provided Ingalls with gifts and cash payments to be used for Ingalls' rent and car payments.

    b. In February or March 2022, Dehning and Ingalls discussed Ingalls working as an independent sales agent for AIL. Dehning informed Ingalls that she would need to obtain an insurance license, which she secured on April 7, 2022.

    c. Dehning contacted Josh Chalom of the Chalom Agency on behalf of Ingalls, and Ingalls worked as an independent sales agent affiliated with the Chalom Agency from approximately April 26, 2022 through August 3, 2022.

    d. In the summer of 2022, Ingalls no longer wished to be affiliated with the Chalom Agency and so Dehning contacted Darcy Shrieber at the Shrieber Agency on behalf of Ingalls. Ingalls worked as an independent sales agent affiliated with he Shrieber Agency from July 26, 2022 through November 17, 2022.

    e. Beginning in August 2022, Dehning sent Ingalls' resume to several people at the company to inquire about openings for employment positions and/or to refer Ingalls for existing open positions.

f. On September 21, 2022, Dehning sent an email to a Senior Vice President who was looking to fill open licensing clerk positions. Dehning attached Ingalls' resume and recommended Ingalls for the position. Among other things, Dehning stated that Ingalls had "great computer skills and one of the best phone (sic) there is I know she would be awesome as she is a very close friend of mine!!"

g. Dehning deliberately hid from Senior Vice President his personal and sexual relationship with Ingalls.

h. On September 27, 2022, Dehning sent a follow up email to the Senior Vice President stating "any word on if you have something for Angie? I know you will be happy with her and can vouch 100% for her work ethic and skills."

i. On October 10, 2022, a Senior Manager spoke with Ingalls in general about the department and described the jobs that might be available. The Senior Manager did not make any promises during the discussion, and told Ingalls that she would need to contact Human Resources to fill out an application and be vetted to initiate the application process.

j. On October 10, 2022, Dehning sent an email to the Senior Manager to thank her for meeting with Ingalls.

k. At some point between October 10, 2022, and October 25, 2022, Dehning and Ingalls had a heated argument regarding Ingalls's interactions with another man that Dehning observed.

l. On or around October 15, 2022, Dehning left a voice message on Ingalls' phone. In the voice message, Dehning stated:

- *"All I'm asking is for five minutes. I know you're mad. I'm mad. But come on I've done so much, we've been through so much. I mean, c'mon I've never asked you for anything, anything. I just need to talk to you."*

- *"At least talk to me, I mean I deserve that, Ang.* ***I need you to think of every single thing that I've done for you.*** *And if you can't give me five minutes because you're mad?* ***You think I like giving you $1,000 or $800? No, I did it because I love you and wanted to help you****. And now I need help and you're just saying "fuck you", I'm not giving you any because I'm upset?" (emphasis added).*

- ***"I mean my god, I'm letting you keep the jobs.*** *I'm doing everything (sic) for (sic) to help you.* ***I mean it's the least you could do for me****." (emphasis added).*

    m.    On October 25, 2022, Dehning's personal relationship with Ingalls ended.

    n.    On that same day, Dehning sent an email to the Senior Manager and a Human Resources employee stating *"Ladies you can disregard Angie Ingalls for any position as some things came to light on skills she put down that she does not have and she accepted another position today. Thank you both for doing what you did to help but* ***I cannot back her working here anyways at this point."*** (emphasis added).

    o.    On October 26, 2022, in response to an inquiry from the Senior Manager regarding the change of course, Dehning wrote "[Ingalls] told me she was good at excel and Microsoft and had computer skills but they are terrible and she literally knows nothing about either. When I asked what she put on her application she put good which is not the case. When I told her that was a problem she accepted another job (sic)."

    p.    Dehning again deliberately hid from the Senior Manager his personal and

q. On November 17, 2022, AIL learned that Ingalls was appointed by competitor, Patriot Life Insurance, to sell insurance. The Shrieber Agency issues a Notice of Termination to Ingalls the same day.

**Response:** Plaintiff lacks specific knowledge or information to form a belief regarding the truth of the allegations in Paragraph 15 and therefore denies same.

16. In light of its findings from the investigation, AIL terminated Dehning on May 19, 2023.

**Response:** Plaintiff lacks specific knowledge or information to form a belief regarding the truth of the allegations in Paragraph 16 and therefore denies same.

17. On June 25, 2023, AIL entered into a Settlement Agreement with Ingalls. Pursuant to the Settlement Agreement, AIL paid Ingalls a total of $150,000.

**Response:** Plaintiff lacks specific knowledge or information to form a belief regarding the truth of the allegations in Paragraph 17 and therefore denies same.

## CLAIM FOR RELIEF: EQUITABLE INDEMNIFICATION

18. AIL incorporates by reference the allegations contained in Paragraphs 1 through 17 above.

**Response:** Paragraph 17 contains conclusory statements to which no response is required.

19. AIL's investigation into the claims asserted by Ingalls in her January 16, 2023 demand letter revealed that Dehning was engaged in misconduct with regard to Ingalls and Dehning was liable to Ingalls in connection with one or more of her claims.

**Response:** Paragraph 19 contains legal conclusions and legal arguments to which no response is required. Further, Plaintiff lacks specific knowledge or information to form a belief regarding the truth of the allegations in Paragraph 19 and therefore denies same.

20. AIL was not at fault for any of the misconduct alleged by Ingalls.

**Response:** Paragraph 20 contains legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Plaintiff denies the allegations contained in Paragraph 20.

21. As a result of Dehning's misconduct with regard to Ingalls and Dehning's wrongful acts, AIL was forced to pay $150,000.

**Response:** Paragraph 21 contains legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Plaintiff denies the allegations contained in Paragraph 21.

22. AIL is entitled to restitution by Dehning for the full $150,000 settlement amount that AIL was required to pay to resolve Ingalls's claims.

**Response:** Paragraph 22 contains legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Plaintiff denies the allegations contained in Paragraph 22.

### AIL'S PRAYER FOR RELIEF

**WHEREFORE**, AIL prays for the following relief:

a. An award for restitution and/or damages in an amount to be determined at trial and not less than $150,000;

b. An award of all costs, expenses, and attorneys fees to the extent permitted by statute, contract, or equitable principles; and

c. Such other and further relief as the Court may deem as just and proper.

**Response:** Plaintiff denies that AIL is entitled to any of the relief sought.

# AFFIRMATIVE DEFENSES

Plaintiff pleads the following separate and distinct affirmative defenses without conceding that Plaintiff bears the burden of proof as to any of these issues. Plaintiff reserves the right to assert additional affirmative defenses or matters of avoidance required by Rule 8(c) and 12(h) of the Federal Rules of Civil Procedure which may be determined applicable to this action through subsequent discovery proceedings or further investigation of the claims and allegations asserted in AIL's Counterclaim.

## FIRST AFFIRMATIVE DEFENSE
### *(Failure to State a Claim)*

1. AIL's Counterclaim fails to state a claim against AIL upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### *(Unclean Hands)*

2. AIL's claims are barred, released, waived or otherwise precluded in whole or in part by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE
### *(Waiver)*

3. AIL's claims are barred in whole or in part by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE
### *(Estoppel)*

4. AIL's claims are barred by estoppel equitable estoppel, and qausi-estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### *(Failure to Mitigate)*

5. AIL's claims are barred or reduced by the defenses of setoff, offset, recoupment and failure to mitigate.

### SIXTH AFFIRMATIVE DEFENSE

*(Lack of Standing)*

6. AIL's claims are barred based on lack of standing.

Dated: December 7, 2023　　　　　　　　　　　Respectfully submitted,

**GREWAL LAW PLLC**

By: /s/ *Tim P. Seeger*
Tim P. Seeger (P83315)
801 Broadway Ave., NW, Ste. 302
Grand Rapids, MI 49504
(616) 259-8463
Tseeger@4grewal.com
ATTORNEYS FOR PLAINTIFF


By: /s/ *Amy Williamson*
Amy Williamson (Admission Application Pending)
Williamson Law LLC
355 Parkway Drive
Pittsburgh PA 15228
412-600-8862
awilliamson@awilliamsonlaw.com
ATTORNEYS FOR PLAINTIFF


By: /s/ *John Kane*
John Kane (Admission Application Pending)
SAVINIS, KANE, & GALLUCCI, L.L.C.
436 Seventh Avenue
Suite 700 Koppers Building
Pittsburgh, PA 15219
412 227-6556
jkane@sdklaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on November 29, 2023 upon all counsel of record via the Court's electronic service system.

    Respectfully Submitted,

    Grewal Law, PLLC

    By: /s/ *Tim P. Seeger*
    TIM P. SEEGER (P83315)
    Attorney for Petitioner
    801 Broadway, NW, Ste. 302
    Grand Rapids, MI 49504
    (616) 259-8463
    tseeger@4grewal.com