## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SCOTT DENING, an individual,

     Plaintiff,

v.

GLOBE LIFE AMERICAN INCOME
DIVISION a/k/a AMERICAN INCOME
LIFE INSURANCE COMPANY, and
GLOBE LIFE INC.

     Defendants.

Case No. 1:23-cv-1117

Hon. Hala Y. Jarbou

## REPLY IN SUPPORT OF GLOBE LIFE INC.'S
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

In support of its Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion"), Defendant Globe Life Inc. ("Globe Life") submitted evidence showing it: (i) is a Delaware corporation with headquarters in McKinney, Texas; (ii) has no employees or physical presence in Michigan; (iii) conducts no business in Michigan; and (iv) did not at any time employ, or terminate, Plaintiff Scott Dening[1] ("Plaintiff"). *See* Declaration of Rebecca E. Zorn ("Zorn Decl.") ¶¶ 2, 4-5, Page ID.53-54. Plaintiff's late-filed Response to the Motion[2] provides *no evidence* to controvert

---

[1] On information and belief, it is Globe Life's understanding that the correct legal spelling of Plaintiff's last name is "Dehning," but refers to him herein using the spelling in the caption of the Complaint filed by Plaintiff.

[2] Globe Life filed its Motion on October 30, 2023. ECF Nos. 4-5. Pursuant to Local Civil Rule 7.2(c), Plaintiff's deadline to respond to the Motion was November 27, 2023. On November 29, 2023, Globe Life filed a Notice of Non-Opposition to the Motion. ECF No. 15. Plaintiff filed his Response only *after* Globe Life filed the Notice of Non-Opposition and without providing any explanation for his belated filing. ECF No. 16.

these facts.  Thus, Plaintiff has failed to meet his burden in establishing personal jurisdiction over Globe Life and Globe Life should be dismissed from this lawsuit.

### PLAINTIFF HAS FAILED TO MEET HIS BURDEN TO ESTABLISH PERSONAL JURISDICTION OVER GLOBE LIFE

Plaintiff bears the affirmative "burden of establishing that a district court can exercise jurisdiction over the defendant[]."  *Anwar v. Dow Chem. Co*., 876 F.3d 841, 847 (6th Cir. 2017) (cleaned up).  The Sixth Circuit Court of Appeals has explained:

> Motions to dismiss under Rule 12(b)(2) involve burden shifting. The plaintiff must first make a prima facie case, which can be done merely through the complaint.  The burden then shifts to the defendant, whose motion to dismiss must be properly supported with evidence.  ***Once the defendant has met the burden, it returns to the plaintiff, who may no longer stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction***.

*Malone v. Stanley Black & Decker, Inc*., 965 F.3d 499, 504 (6th Cir. 2020) (cleaned up) (emphasis added).

Globe Life met its burden by submitting evidence establishing that Globe Life is not subject to general or specific jurisdiction in Michigan.  *See* ECF No. 5, PageID.48-51.

The burden thus shifted to Plaintiff, who failed to submit *any evidence* showing that the Court has jurisdiction over Globe Life.  Instead, Plaintiff argues that the Court has specific jurisdiction[3] over Globe Life based only on the *allegations* of the Complaint.  *See* ECF No. 16, PageID.103, 105-106.  Plaintiff cannot establish personal jurisdiction based on mere allegations, *Malone*, 965 F.3d at 504, but even if he could, those allegations—and Plaintiff's argument based on those allegations—suffer from all of the deficiencies identified in Globe Life's Motion.

---

[3] Plaintiff does not dispute that Globe Life is not subject to general jurisdiction in Michigan.

- *First*, notwithstanding Globe Life's evidence to the contrary, Plaintiff points to allegations in the Complaint that lump together Globe Life with Defendant American Income Life Insurance ("AIL") to claim that *Globe Life* employed and terminated Plaintiff in Michigan.  *See* ECF No. 16, PageID.105-106 (citing Compl. ¶¶ 18-20, 26-32, PageID.18-20).  But where, as here, Globe Life has put forth evidence showing that Plaintiff was an employee of AIL, not Globe Life, and was terminated by AIL, not Globe Life, *see* Zorn Decl. ¶ 5, PageID.54, Plaintiff may not stand on his pleadings and must put forth evidence "set[ting] forth specific facts showing that the court has jurisdiction."  *Malone*, 965 at 504.  Plaintiff's generalized allegations in the Complaint—which conflate AIL and Globe Life and fail to allege any specific facts regarding Globe Life's alleged involvement in the underlying conduct—are insufficient to establish personal jurisdiction over Globe Life.

- *Second*, Plaintiff points to the allegations that he is a Michigan resident, he reported allegedly fraudulent sales practices to the Michigan Department of Insurance, and he filed his Complaint in Michigan alleging that Defendants violated Michigan law.  *See* ECF No. 16, PageID.105-106 (citing Compl. ¶¶ 1, 11, 26-32, PageID.17-20).  But those alleged contacts *by Plaintiff* with Michigan are not sufficient to give rise to specific jurisdiction over Globe Life.  *See Walden v. Fiore*, 571 U.S. 277, 284 & n.8 (2014) (specific jurisdiction "must arise out of contacts that the 'defendant *himself*' creates with the forum State") (cleaned up) (internal quotations and emphasis in original).

- *Lastly,* Plaintiff includes a new allegation in the Response that is not alleged in the Complaint and is not supported by any evidence: "Globe Life hired individuals with Michigan state insurance licenses to sell insurance to Michigan residents within the

state of Michigan." ECF No. 16, PageID.107, 108.  This allegation—which is directly contradicted by Globe Life's evidence that it has no employees in Michigan and conducts no business in Michigan, *see* Zorn Decl. ¶ 4, PageID.54—should be ignored.

Plaintiff has failed to put forth evidence of facts specific to Globe Life to establish the contacts necessary to exercise specific jurisdiction under Michigan's long-arm statute or under the Due Process Clause.  For the foregoing reasons and the reasons articulated in Globe Life's Motion, Globe Life respectfully requests that the Court dismiss it from this lawsuit for lack of personal jurisdiction.

Dated:  December 13, 2023

Respectfully submitted,

KING & SPALDING LLP

*/s/ Jeffrey Hammer*
Jeffrey Hammer, Of Counsel
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
(213) 443-4326
jhammer@kslaw.com

Anne R. Dana, Of Counsel
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
(212) 790-5364
adana@kslaw.com

Kathleen A. Sacks, Of Counsel
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
(202) 626-2999
ksacks@kslaw.com

BARNES & THORNBURG LLP
Christina M. Janice (P86372)
171 Monroe Ave., NW, Suite 1000
Grand Rapids, Michigan 49503
(616) 742-3940
christina.janice@btlaw.com

*Attorneys for Defendant Globe Life Insurance*