IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT DENING,

    Plaintiff,                              Case No. 1:23:cv-1117

v.                                          Hon. Hala Y. Jarbou

GLOBE LIFE AMERICAN INCOME
DIVISION, et al.,

    Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
## FOR ENTRY OF PROTECTIVE ORDER AND ORDER REGARDING
## DISCOVERY OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

**NOW COMES** Plaintiff, Scott Dening, by and through his attorneys, GREWAL LAW PLLC, and files his Response to Defendants' Motion for Entry of Protective Order and Order Regarding Discovery of Documents and Electronically Stored Information. Plaintiff rely on the separate Memorandum in Support filed contemporaneously with this Response. Plaintiff respectfully requests this Honorable Court **DENY** Defendant's Motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT DENING,

    Plaintiff,                                     Case No. 1:23:cv-1117

v.                                                   Hon. Hala Y. Jarbou

GLOBE LIFE AMERICAN INCOME
DIVISION, et al.,

    Defendants.

## **MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER AND ORDER REGARDING DISCOVERY OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

Plaintiff objects to both the protective order proposed by Defendants, as well as the Electronically Stored Information (ESI) protocol.

### I. **Protective Order**

While some of the proposed order may be innocuous enough, other parts are intentionally restrictive, as well as unnecessary. The proposed order also conflicts, generally, with the tenets set forth in Western District of Michigan Local Civil Rule 10.6. Plaintiff objects as Defendants seek an easier path than W.D. Mich. LCivR. Rule 10.6 provides to designate swaths of information as confidential. The principles of 10.6 state how rare and exceptional it should be to designate information as confidential (i.e., under seal):

> (a) To preserve the qualified, common-law presumption of public access to judicial files in civil cases, the filing of documents under seal should be the exception. Sealing is to be limited to information that is truly proprietary or confidential. The court strongly resists the sealing of entire civil pleadings, motions or briefs, as it is rare that the entire document will merit confidential treatment....

> (b) ….Documents may be submitted under seal only if authorized by statute or by the Court for good cause shown. A person seeking leave to file a document under seal must file a motion requesting such relief, unless the Court has entered a previous order authorizing the submission of the document under seal or submission under seal is authorized by statute….

Plaintiff does not believe a prospective protective order needs to be entered before any confidential documents are even proven to exist, let alone identified. Plaintiff is concerned that entry of such an order, where any party can designate anything confidential, will require Plaintiff to file motions with the Court, challenging the 'Confidential' designations. As noted by W.D. Mich. LCivR 10.6, very few documents should ever be truly designated as confidential, or under seal, and kept from the public eye. In a meet and confer, Defendants should first raise the issue of confidentiality with Plaintiff, if and when, any documents Defendants deem confidential are proven to exist.

Nevertheless, if the Court is inclined to enter such a protective order, Plaintiff does not object to paragraphs 1, 5, 7, 9, 10, or 11 of the proposed order. With respect to the other paragraphs, Plaintiff would point out the following specific objections and deficiencies.

- Paragraph 2 (c) should be stricken. Under no circumstances would an entire deposition need to be marked confidential. Any argument to the contrary would seem to be at odds with W.D. Mich. LCivR 10.6. At a minimum, a subpart (e) should be added which should note:
  - (e) an entire deposition shall not be marked confidential; instead, the attorney claiming confidential information was revealed within the deposition must provide page and line designations indicating which testimony it seeks to mark as

confidential, and the reason(s) why such testimony must be designated as confidential.

- Paragraph 3(c) should be stricken, or at a minimum, it should designate that "attorneys' eyes only" shall include all partners, associates or staff within the attorneys' office, as well as experts.

- Paragraph 4 should be stricken. There is no need to serve a protective order with a subpoena.

- Paragraph 6(b) should be stricken. A party should not be restricted in presenting information to the Court, even if it is marked confidential. Paragraph 6(a) already covers the concerns with regard to filing allegedly confidential documents electronically.

- Paragraphs 8(a) and 8(b) should be stricken. The attorneys should not be required to destroy any part of their files, even documents that are allegedly marked confidential. Paragraph 8(b) correctly notes that the attorneys should be able to retain confidential documents submitted to the Court. However, other documents not submitted may still be important and necessary to retain in each attorney's files. Each attorney could have the need to review parts of the file even after resolution of the underlying case. For example, if an attorney is sued for malpractice, the confidential documents could be key evidence to substantiate the motive or action of the attorney. Paragraph 11 notes that confidentiality remains even after resolution of the underlying case.

In accordance with W.D. Mich. LCivR 10.6, the default should be open access to the Courts; this case should not begin with the default of documents hidden from the public eye. As such, Plaintiff respectfully requests this court deny the motion for a protective order.

## II.     ESI Protocol Order

Plaintiff objects to the ESI Protocol proposed by Defendants. It is overly broad and extremely unduly burdensome. While Defendants allege that their protocol seeks to "ensure the prompt, efficient, and cost-effective exchange of information," Plaintiff believes that it will accomplish the opposite. The proposed ESI protocol ensures that Plaintiff's counsel will spend inordinate amounts of time organizing files in the manner that Defendants prefer to receive such information.

Defendants' ESI protocol operates more as a wish list of the management of Defendants' files, rather than as a discovery tool. The ESI protocol sets forth how Defendants prefer to receive information, how they prefer to manage information, and how they prefer to view information. It has little to do with the discovery of information. Instead, it is Defendants' *preference* on how it wants all documents and images.

Defendants may operate from a firm with more than one thousand attorneys, in-house I.T. specialists, among the thousands of support staff it likely employs. However, Defendants' ESI protocol is designed to cost Plaintiff's counsel significant time, energy, and expense to provide excessive, potentially immaterial information, as well as duplicative information, to allow Defendants to organize the data in a method that costs the producing party time, expense, and effort. If Plaintiff was to comply with the proposed ESI protocol, Plaintiff's counsel would be required to hire outside I.T. professionals just to review and comply with the protocol, as the ESI protocol contains terms that are unfamiliar to Plaintiff's counsel.

Plaintiff objects to Defendants' ESI protocol, in general, but also offers the following specific objections.

- Defendants seek metadata for every item produced, regardless of relevance. Again, the date, time, location of each photograph or document will likely be irrelevant for the majority of such items. If a question arises as to any such data, it can be addressed on a document by document basis. However, requiring Plaintiff's counsel to spend their own time on all data related to all documents is not worthwhile, is overly burdensome, and is unduly broad.
- Defendants want "De-Duplication" of documents, so that the same document or image is not produced more than one time. Again, this is much more about how Defendants manage its own documents, and less about discovery. Documents may be duplicative if sent by one party in a text and a different party in an email, and Defendants want the party not to produce it twice, despite it potentially being relevant twice. For example, Defendants use the moniker of "Parent-Child relationships" of documents and attachments requiring preservation of the same, which will often require duplication.
- Defendants' ESI protocol notes that images should be 300 dpi, regardless of how the images are possessed by Plaintiff's counsel, the clients, or a witness. The documents or images should be produced just as they have been maintained. If Defendants want to increase the clarity of documents, they are free to do that, if appropriate.
- Defendants seek native documents because that is how they like to receive certain files. Plaintiff's counsel, while familiar with native documents, would have to hire outside specialists to extract such information. Again, this has much more to do with Defendants' management of its own files, and less to do with production of material.
- Defendants prefer documents in certain formats regardless of how they were maintained by the party or witness. Defendants are free to convert documents and images produced

into their preferred format (e.g., .TIFF), but that has nothing to do with discovery. That is management of documents, and Defendants are free to spend their own time on how it seeks to manage or convert the documents and images.

- Defendants demand that confidential .TIFF files to be marked confidential, which has little to do with discovery of electronic information.

Plaintiff's proposed ESI protocol would be a much simpler, one paragraph protocol that would say something akin to the following:

- The parties shall produce all electronic information, whether contained on a phone, an iPad, a computer, or otherwise. All searches for information in the discovery process shall include searches for electronic information. Electronic documents and/or images shall be produced in the manner in which those documents/images were maintained by the producing individual. Should questions arise as to the storage of information by the producing party, the parties shall meet and confer.

One might expect an ESI protocol to be an assistive guide to make production of documents easier. Defendants' protocol completes the exact opposite, making compliance extremely difficult, requiring a lot of time, and excessive amounts of money. Defendants' protocol requires research in order to comply with it. The ESI claims that that the protocol shall not "enlarge, reduce, or otherwise affect the scope of discovery in this matter as imposed by the applicable law" and yet the protocol is twenty-two paragraphs setting forth many more requirements than are presently required under the law.

### III. Conclusion

Plaintiff respectfully requests this Honorable Court deny Defendant's Motion For A Protective Order and Order Regarding Discovery of Documents and Electronically Stored Information or, in the alternative, modify the language of the proposed order(s) as requested herein.

Dated: February 2, 2024

Respectfully submitted,

**GREWAL LAW PLLC**

By: /s/ *Tim P. Seeger*
Tim P. Seeger (P83315)
801 Broadway Ave., NW, Ste. 302
Grand Rapids, MI 49504
(616) 259-8463
Tseeger@4grewal.com
ATTORNEYS FOR PLAINTIFF

By: /s/ *Amy Williamson*
Amy Williamson (Admission Application Pending)
Williamson Law LLC
355 Parkway Drive
Pittsburgh PA 15228
412-600-8862
awilliamson@awilliamsonlaw.com
ATTORNEYS FOR PLAINTIFF

By: /s/ *John Kane*
John Kane (Admission Application Pending)
SAVINIS, KANE, & GALLUCCI, L.L.C.
436 Seventh Avenue
Suite 700 Koppers Building
Pittsburgh, PA 15219
412 227-6556
jkane@sdklaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on February 2, 2024 upon all counsel of record via the Court's electronic service system.

Dated: February 2, 2024                          Respectfully submitted,

                                                               **GREWAL LAW PLLC**

                                                               By: /s/ *Tim P. Seeger*
                                                               Tim P. Seeger (P83315)
                                                               801 Broadway Ave., NW, Ste. 302
                                                               Grand Rapids, MI 49504
                                                               (616) 259-8463
                                                               Tseeger@4grewal.com
                                                               ATTORNEYS FOR PLAINTIFF