IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT DENING, an individual,<br><br>     Plaintiff,<br><br>v.<br><br>GLOBE LIFE AMERICAN INCOME DIVISION a/k/a AMERICAN INCOME LIFE INSURANCE COMPANY, and GLOBE LIFE INC.<br><br>     Defendants. | Case No. 1:23-cv-1117<br><br>Hon. Hala Y. Jarbou |

## AMERICAN INCOME LIFE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

    Defendant American Income Life Insurance Company ("AIL") appropriately terminated the employment of Scott Dehning ("Dehning" or "Plaintiff") for his behavior harassing and retaliating against Angie Ingalls, Plaintiff's former romantic partner who applied for employment with AIL. Plaintiff then filed this baseless wrongful discharge lawsuit against AIL in retaliation for AIL's justifiable termination of Dehning in response to his conduct related to Ingalls.

    AIL has been attempting for months to get Plaintiff to comply with his discovery obligations. Plaintiff refuses to do so, and thus AIL seeks an order requiring Plaintiff to: (1) produce documents "in a form or forms in which [they are] ordinarily maintained or in a reasonably usable form or forms," as required under Federal Rule of Civil Procedure 34(b)(2)(E)(ii); (2) supplement Plaintiff's Answers to AIL's First Set of Interrogatories ("Interrogatories") Nos. 4-10 and 12-14 and verify both his original Answers and Supplemental Answers; and (3) amend his Initial Disclosures to provide required damages information.

*First*, in response to AIL's Requests, Plaintiff has deliberately produced documents in a manner intended to hide relevant information and impair AIL's ability to develop its case.  Plaintiff is obligated to produce documents in the manner that AIL specified in its Requests, *i.e.*, complete versions of all responsive documents that, at a minimum, indicate who sent and received any communication and when it was sent.  Instead, Plaintiff produced a single, 65-page PDF, that is a compilation of excerpts and images from text messages, emails, and other documents.  In many cases Plaintiff did not even produce the document itself, but rather a picture of a phone displaying an image of the document.  For example, Plaintiff produced the following rather than the complete email and attachments showing all senders and recipients:



Plaintiff should be required to produce documents "in a form or forms in which [they are] ordinarily maintained or in a reasonably usable form or forms," as required under Federal Rule of Civil Procedure 34(b)(2)(E)(ii), *i.e.*, complete versions of all responsive documents that indicate: (i) where each document begins and ends; (ii) when the document was created and, where relevant, sent and received; and (iii) who sent and received the document.

In addition, Plaintiff did not produce *a single communication* with or about Angie Ingalls, Plaintiff's former romantic partner who Plaintiff retaliated against when she ended their relationship, resulting in Plaintiff's termination. Plaintiff should be required to produce all responsive communications with or about Angie Ingalls.

**Second**, Plaintiff's answers to AIL's Interrogatories are deficient in numerous respects as explained further below. Plaintiff belatedly served his answers, thus waiving all objections, and should be ordered to provide complete verified answers to AIL's Interrogatories as required under Federal Rule of Civil Procedure 33.

**Third**, Plaintiff failed to: (i) include in his Initial Disclosures a computation of each category of his claimed damages; and (ii) provide documents or other evidentiary material on which those computations are based, as required under Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

For these reasons, and as discussed further below, the Court should grant AIL's motion to compel.

## RELEVANT BACKGROUND

### A.    The Complaint and Counterclaim

Plaintiff was employed by AIL from April 30, 2012 to May 19, 2023. ECF No. 8 ("Counterclaim") ¶ 6. Between February and October 2022, Plaintiff was in an intimate personal relationship with Ms. Ingalls, and in September 2022, Plaintiff referred Ms. Ingalls to AIL for employment allegedly for her work ethic and skills. *Id.* ¶ 2. Plaintiff hid from AIL that he was in an intimate personal relationship with Ms. Ingalls. *Id.* ¶ 2. After Plaintiff's relationship with Ms. Ingalls began to crumble, he attempted to

3

leverage his influence with AIL to keep her in a relationship with him—in one instance, leaving her a voicemail in which he threatened: "I need you to think of every single thing that I've done for you. . . . I mean my god I'm letting you keep the jobs. I'm doing still (sic) everything for (sic) to help you. I mean it's the least you could do for me." *Id.* ¶ 3.  After Ms. Ingalls rejected Plaintiff's attempts to repair their relationship, Plaintiff contacted AIL's representatives involved in hiring and informed them that "you can disregard Angie Ingalls for any position as some things came to light on skills she put down that she does not have" and that "I cannot back her working here anyways at this point." *Id.* ¶ 15(n).

In January 2023, Ms. Ingalls sent a demand letter to AIL asserting claims for sexual harassment, retaliation, and retaliatory harassment based on Plaintiff's conduct.  *Id.* ¶ 12.  After an investigation into Plaintiff's conduct, AIL terminated Plaintiff's employment on May 19, 2023.  *Id.* ¶ 16.  AIL then settled all claims with Ms. Ingalls in the amount of $150,000, on June 25, 2023.  *Id.* ¶ 17.

On August 17, 2023, Plaintiff filed this suit pursuant to the Michigan Whistleblowers Protection Act, MCL 15.361, *et seq.*, ECF No. 1-2 ("Compl.") ¶ 41, as an ill-conceived attempt to divert from his legitimate termination for his behavior harassing and retaliating against Ms. Ingalls after she ended their personal relationship.  Plaintiff claims that his termination was retaliation allegedly for reporting his employer's unethical sales practices to the Michigan Department of Insurance ("MDOI"). *Id.* ¶¶ 41-43.

On October 30, 2023, AIL filed a counterclaim seeking equitable indemnification from Plaintiff for $150,000, the settlement amount that AIL paid Ms. Ingalls.  *See generally id.*

      **B.**    **AIL's Discovery Requests and Plaintiff's Responses**

On December 8, 2023, AIL served on Plaintiff its First Set of Interrogatories and First Set of Requests for Production.  Declaration of Kathleen Sacks ("Sacks Decl."), Exs. A-B.  Plaintiff did not serve Responses until January 29, 2024—more than two weeks after the January 11, 2024 deadline—thus waiving any and all objections.  *Id.*, Exs. A-B.  Plaintiff's Answers to AIL's Interrogatories were not verified.  *Id.* at Ex. A.

4

On January 29, 2024, Plaintiff served AIL with Plaintiff's Initial Disclosures. *Id.*, Ex. C.

On February 13, 2024, AIL sent Plaintiff a letter detailing the numerous deficiencies with Plaintiff's document production, Responses, and Initial Disclosures that are addressed in this Motion. *Id.*, Ex. F. On March 1, 2024, counsel for AIL and counsel for Plaintiff met and conferred regarding the various issues raised in AIL's February 13 letter. *Id.*, ¶ 10. During the call, counsel for Plaintiff: (i) confirmed that Plaintiff was not withholding any documents or information based on his objections; (ii) confirmed that Plaintiff had preserved the contents of his cell phone but failed to preserve his company laptop; (iii) agreed to search for and produce any responsive documents not previously produced by March 8, 2024; (iv) agreed to confirm by March 8, 2024 whether Plaintiff would supplement his deficient Answers to AIL's Interrogatories; and (v) by March 8, 2024, amend his deficient Initial Disclosures. *Id.*, ¶ 11.

Plaintiff failed to respond or provide any of the information by March 8, 2024. AIL's counsel sent follow-up communications to Plaintiff's counsel on March 6 and March 12, 2024. *Id.*, Exs. G and H. As of the filing of this Motion, Plaintiff's counsel has still not provided the information that Plaintiff agreed to provide or otherwise responded to communications from AIL's counsel. *Id.*, ¶ 13.

## **ARGUMENT**

Federal Rule of Civil Procedure 37 authorizes the Court to issue an order "compelling an answer, designation, production, or inspection" by a party from whom discovery is sought. Fed. R. Civ. P. 37(a)(3)(B). Rule 37 further authorizes the Court to order a party to "make a disclosure required under Rule 26(a)." Fed. R. Civ. P. 37(a)(3)(A). Here, Plaintiff should be ordered to: (i) produce all responsive documents "in a form or forms in which [they are] ordinarily maintained or in a reasonably usable form or forms;" (ii) provide complete and verified Answers to AIL's Interrogatories; and (iii) amend his Initial Disclosures to include damages computations required under Rule 26.

### A. Plaintiff's Document Production Fails to Comply With Rule 34

AIL's Requests sought various categories of documents that relate to the core allegations and defenses in the case, including communications with or about Ms. Ingalls, including her employment application with AIL, Sacks Decl. Ex. B (Request Nos. 1-3); Plaintiff's allegations against AIL, *id.* (Request Nos. 4-16); and Plaintiff's claimed damages, *id.* (Request No. 17).[1] In response, Plaintiff produced a single, 65-page PDF document. Sacks Decl., ¶ 6.

Federal Rule of Civil Procedure 34 requires the producing party to, at a minimum,[2] produce electronically stored information "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii). Plaintiff's production fails to comply with Rule 34 in numerous respects:

- Plaintiff failed to indicate where each separate document begins and ends;
- Plaintiff produced excerpts of text messages, *e.g.*, Sacks Decl., Ex. D (DEHNING0047, DEHNING0057); emails, *e.g.*, *id.*, Exs. D-E (DEHNING0029, DEHNING0032); and documents that appear to be email attachments, *e.g.*, *id.*, Exs. D-E (DEHNING0036, DEHNING0051-52);

---

[1] Plaintiff asserted objections as to certain Requests, Sacks Decl., Ex. B, but because Plaintiff failed to timely serve responses all objections have been waived, *see Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99CV118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) ("As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection."), and, in any event, Plaintiff's counsel has indicated that no documents are being withheld based on his objections, *see* Sacks Decl., ¶ 12, Ex. H.

[2] AIL recognizes that the Court declined to enter an ESI Protocol in this case. In the absence of an ESI Protocol, Plaintiff is required to produce documents in accordance with Federal Rule of Civil Procedure 34(b)(2)(E)(ii).

6

- Numerous documents do not indicate the date on which the communication was sent, Sacks Decl., Ex. D (DEHNING0043), or the names of senders and/or recipients. *See, e.g.*, Sacks Decl., Ex. D (DEHNING0029, DEHNING0038); and

- Instead of producing responsive documents as they are ordinarily maintained or in a reasonably usable form, Plaintiff produced pictures of portions of certain documents displayed on a cell phone screen. *See, e.g.*, Sacks Decl., Ex. D (DEHNING0029, DEHNING0030, DEHNING0058).

By producing the documents in this manner, Plaintiff has hidden information and otherwise impaired AIL's ability to use the documents.

Plaintiff should be required to produce the documents in a manner that: (i) indicates where each document begins and ends; (ii) includes the entire document (including entire text messages) rather than excerpts; (iii) indicates the date, sender, and recipient(s) for all communications; and (iv) are in a format in which the documents are ordinarily maintained, *i.e.*, not pictures of the document displayed on a cell phone screen.

In addition, Plaintiff did not produce *a single communication* with or about Ms. Ingalls. Plaintiff's counsel has represented that Plaintiff has produced all responsive documents, Sacks Decl., Ex. G, but Plaintiff's failure to produce any document related to Ms. Ingalls raises serious questions regarding the completeness of Plaintiff's production. Plaintiff should be required to produce all responsive communications with or about Ms. Ingalls.

### B. Plaintiff's Interrogatory Answers Are Deficient

"When served with interrogatories pursuant to Rule 33, [t]he responding party must answer each interrogatory separately, fully, and in writing." *Daneshvar v. Kipke*, No. 2:13-cv-13096, 2015 WL 13037117, at *4 (E.D. Mich. Oct. 14, 2015), report and recommendation adopted as modified, No. 13-

7

CV-13096, 2015 WL 7711237 (E.D. Mich. Nov. 30, 2015) (citing 7 Moore's Federal Practice, § 33.101 (Matthew Bender 3d Ed.)). "Rule 33 is designed to ensure that answers clearly correspond to specific questions. Defendants have a right to expect clear and straightforward answers in response to clear, individual and straightforward questions . . . ." *Id.*; *see also Wolverine World Wide, Inc. v. Am. Ins. Co.*, No. 1:19-cv-00010, 2022 WL 21835677, at *6 (W.D. Mich. Nov. 3, 2022) ("The Federal Rules require that interrogatories be answered fully and parties have a duty to provide true, explicit, responsive, complete and candid answers to discovery.") (internal citations omitted) (citing Fed. R. Civ. P. 33(b)(3)).

Plaintiff failed to satisfy this requirement as to Interrogatory Nos. 4-10 and 12-14:

**1. Interrogatory Nos. 4-5**

Interrogatory No. 4 asks Plaintiff to describe the "complaints and reports from sales agents" that he alleged in paragraph 22 of the Complaint, and Interrogatory No. 5 asks Plaintiff to describe the "investigations of numerous reports of unethical and potentially illegal sales practices" alleged in paragraph 23 of the Complaint. Sacks Decl., Ex. A (Interrogatory Nos. 4-5). Plaintiff's answers to these Interrogatories—referring to Plaintiff's Answer to Interrogatory Nos. 2-3—are nonresponsive and do not describe any complaints or reports from sales agents or the details of any investigations of allegedly unethical or potentially illegal sales practices. *Id.* Plaintiff should be required to provide this responsive information.

**2. Interrogatory No. 6**

Interrogatory No. 6 asks Plaintiff to describe the "clear pattern of unethical and potentially illegal business practices on behalf of Defendants and Defendants' sales agents" alleged in paragraph 24 of the Complaint. Sacks Decl., Ex. A (Interrogatory No. 6). Plaintiff's answer to this Interrogatory—referring to Plaintiff's Answer to Interrogatory Nos. 2-3—is nonresponsive and does not describe in detail any

8

allegedly unethical behavior or business practices attributable to AIL. *Id.* Plaintiff should be required to provide this responsive information.

### 3. Interrogatory No. 7

Interrogatory No. 7 asks Plaintiff to describe each instance in which Plaintiff "escalated the unethical and potentially illegal sales practices … to Defendants' executive management team," as alleged in paragraph 25 of the Complaint. Sacks Decl., Ex. A (Interrogatory No. 7). Plaintiff's answer to this Interrogatory—referring to Plaintiff's Answer to Interrogatory Nos. 2-3—is nonresponsive and does not describe the details of any instances in which Plaintiff escalated allegedly illegal or unethical sales practices to AIL's executive management team. *Id.* Plaintiff should be required to provide this responsive information.

### 4. Interrogatory No. 8

Interrogatory No. 8 asks Plaintiff to describe the factual basis for Plaintiff's allegation in paragraph 27 of the Complaint that "Defendants' executive management team would typically ignore, cover up, or otherwise conceal the unethical and potentially illegal sales practices." Sacks Decl., Ex. A (Interrogatory No. 8). Plaintiff's answer to this Interrogatory—referring to Plaintiff's Answer to Interrogatory No. 2—is nonresponsive and does not provide a basis for Plaintiff's allegation that AIL's executive team ignored or covered up any unethical or potential illegal sales practices. *Id.* Plaintiff should be required to provide this responsive information.

### 5. Interrogatory No. 9

Interrogatory No. 9 asks Plaintiff to describe each report Plaintiff made to the MDOI, as alleged in paragraph 32 of the Complaint. Sacks Decl., Ex. A (Interrogatory No. 9). Plaintiff's answer to this Interrogatory—referring to Plaintiff's Answer to Interrogatory No. 2—is nonresponsive and does not

9

describe the details of any reports allegedly submitted to the MDOI by Plaintiff. *Id.* Plaintiff should be required to provide this responsive information.

6. **Interrogatory No. 10**

Interrogatory No. 10 asks Plaintiff to identify each person at the MDOI with whom Plaintiff communicated regarding alleged unethical and potentially illegal business practices on behalf of AIL and AIL's sales agents. Sacks Decl., Ex. A (Interrogatory No. 10). Plaintiff's answer to this Interrogatory—referring to Plaintiff's Answer to Interrogatory Nos. 2 & 3—is nonresponsive. *Id.* Moreover, other than Mr. Blood, Plaintiff fails to identify any other person at the MDOI with whom Plaintiff communicated regarding his allegations that AIL and AIL's agents were engaged in unethical and potentially illegal business practices. Plaintiff should be required to provide this responsive information.

7. **Interrogatory No. 12**

Interrogatory No. 12 asks Plaintiff to describe the factual basis for Plaintiff's allegation in paragraph 36 of the Complaint that "Defendants' executive management team expressed clear displeasure with Plaintiff's protected conduct." Sacks Decl., Ex. A (Interrogatory No. 12). Plaintiff's answer to this Interrogatory—vaguely mentioning "[v]erbal comments…and other retaliatory conduct" and referring to Plaintiff's Answer to Interrogatory No. 2—is nonresponsive and does not provide a basis for Plaintiff's allegation that AIL's executive management team expressed displeasure with Plaintiff's protected conduct. *Id.* Plaintiff should be required to provide this responsive information.

8. **Interrogatory No. 13**

Interrogatory No. 13 asks Plaintiff to describe the factual basis for Plaintiff's allegation in paragraph 42 of the Complaint that "Defendants' decision to terminate Plaintiff and irrevocably change the terms and conditions of his employment, was because Plaintiff reported violations and or suspected violations of numerous laws, standards, and/or regulations to the MDOI." Sacks Decl., Ex. A

(Interrogatory No. 13). Plaintiff's answer to this Interrogatory—referring to Plaintiff's Answer to Interrogatory Nos. 2 & 12—is nonresponsive and does not provide a basis for Plaintiff's allegations that AIL's decision to terminate Plaintiff was related to Plaintiff's actions reporting alleged violations or suspected violations to the MDOI. *Id*. Plaintiff should be required to provide this responsive information.

9. **Interrogatory No. 14**

Interrogatory No. 14 asks Plaintiff to describe the factual basis for Plaintiff's defenses against AIL's Counterclaim. Sacks Decl., Ex. A (Interrogatory No. 14). Plaintiff objects to Interrogatory No. 14 on the basis it calls for a legal conclusion and on relevance grounds, *id.*, but fails to explain how this Interrogatory requires a legal conclusion and, in any event, Plaintiff has waived this objection. *See Carfagno*, No. 5:99CV118, 2001 WL 34059032, at *1. Plaintiff's refusal to respond on the basis of relevance is also baseless, as the Interrogatory requests information directly relevant to AIL's Counterclaim. Plaintiff should be compelled to describe the factual basis regarding his claims that he was terminated for performing protected activity.

\* \* \*

Plaintiff should be ordered to supplement his Answers to the Interrogatories above, and also to verify both his original and supplemental Answers. *See* Fed. R. Civ. P. 33(b)(5) (requiring that interrogatory answers be verified).

C. **Plaintiff's Initial Disclosures Are Deficient**

Plaintiff's Initial Disclosures—which Plaintiff served nearly one month after the date on which they were due, Sacks Decl., ¶ 5—are also deficient because Plaintiff failed to provide a computation for any of the nine categories of damages he seeks, as required under Fed. R. Civ. P. 26(a)(1)(A)(iii). *See also Jadian, Inc. v. Nat'l Quality Assurance USA, Inc.*, No. 1:17-cv-907, 2020 WL 3071756, at *18 (W.D. Mich. June 10, 2020), *aff'd sub nom. Epazz, Inc. v. Nat'l Quality Assurance USA, Inc.*, No. 20-1552, 2021

WL 3808946 (6th Cir. Aug. 26, 2021) (Rule 26 "provides that, 'a party must, without awaiting a discovery request, provide to the other parties … a computation of each category of damages claimed by the disclosing party'"). Plaintiff should be required to supplement his Initial Disclosures and provide a computation of each category of damages he seeks and all documents on which each computation is based, including materials bearing on the nature and extent of injuries suffered. Fed. R. Civ. P. 26(a)(1)(A)(iii).

### D.  Plaintiff Should Be Sanctioned

Federal Rule of Civil Procedure 37(a)(5)(A) states: "If the motion is granted … the court ***must … require*** the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* (emphasis added). Sanctions are mandatory under Rule 37(a)(5)(A) and are warranted here. Plaintiff's documents and discovery Responses were due months ago. Plaintiff failed to comply with his obligations and Plaintiff's counsel repeatedly failed to respond to communications from AIL's counsel, requiring AIL to expend significant resources including on the filing of this Motion. AIL requests that Plaintiff be ordered to pay AIL's reasonable expenses, including attorney fees, incurred in having to bring this Motion.

### CONCLUSION

For the reasons set forth above, AIL respectfully requests that the Court enter an order compelling Plaintiff Scott Dehning to:

(1) Produce all communications with or about Ms. Ingalls and produce responsive documents in a manner that: (i) indicates where each document begins and ends; (ii) includes the entire document (including entire text messages) rather than excerpts; (iii) indicates the date, sender, and recipient(s) for all communications; and (iv) are in a format in which the documents are ordinarily maintained, *i.e.*, not pictures of the document displayed on a cell phone screen.

(2) Supplement his Answers to AIL's Interrogatory Nos. 4-10 and 12-14 and verify both his original Answers and Supplemental Answers; and

(3) Amend his Initial Disclosures to provide a computation of each category of damages he seeks and all documents on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Dated:  March 20, 2024                    **KING & SPALDING LLP**

*/s/ Jeffrey Hammer*
Jeffrey Hammer, Of Counsel
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
(213) 443-4326
jhammer@kslaw.com

Anne R. Dana, Of Counsel
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
(212) 790-5364
adana@kslaw.com

Kathleen A. Sacks, Of Counsel
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
(202) 626-2999
ksacks@kslaw.com


**BARNES & THORNBURG LLP**

Christina M. Janice (P86372)
171 Monroe Ave., NW, Suite 1000
Grand Rapids, Michigan 49503
(616) 742-3940
christina.janice@btlaw.com

*Attorneys for Defendant American Income Life Insurance Company*