# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT DENING, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>GLOBE LIFE AMERICAN INCOME DIVISION a/k/a AMERICAN INCOME LIFE INSURANCE COMPANY, and GLOBE LIFE INC.<br><br>       Defendants. | Case No. 1:23-cv-1117<br><br>Hon. Hala Y. Jarbou |

**PLAINTIFF'S ANSWERS TO DEFENDANT AMERICAN INCOME LIFE INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES**

## INTERROGATORIES

**INTERROGATORY NO.1:** IDENTIFY the custodian(s), location(s), and general description(s) of DOCUMENTS relevant to the COMPLAINT.

**ANSWER:** Plaintiff and Defendants are the primary custodians of the documents relevant to Plaintiff's Complaint. More specifically, Plaintiff is the custodian of documents produced in response to Defendant's Request for Production of Documents which were retrieved from Plaintiff's email and cell phone. Pursuant to Plaintiff's preservation of evidence notice dated June 2, 2023, Defendants have been on notice of relevant evidence which Plaintiff no longer has access to. More specifically, representatives of Defendants are in possession of documents relevant to Plaintiff's Complaint, including but not limited to those identified in Plaintiff's preservation of evidence notice such as Steve Greer, David Zophin, Debbie Gamble, Dominic Bertini, Rob Gray, Mike Laramie, Sonia Kury, Chad Rigsby, and other representatives noted herein.

**INTERROGATORY NO. 2:** Describe each of the "numerous instances of unethical and potentially illegal business practices" alleged in paragraph 21 of the COMPLAINT.

**ANSWER:** During the course and scope of Plaintiff's employment, he became aware of multiple instances of unethical and fraudulent business practices on behalf of Defendants. For example, in 2020, Plaintiff learned that the Zach Hart Agency, on behalf of Defendants, charged numerous sales agents for fraudulent or illusory "expenses", contrary to Defendant's written policies. Thereafter, Plaintiff began

1

conducting interviews with managers of the Zach Hart Agency and discovered that the agents were being blackmailed into paying said expenses, typically in the form of cash totaling hundreds of thousands of dollars of fraudulent charges. Plaintiff notified his superiors such as David Zophin, Rob Gray, and Dominic Bertini of the fraud, which was ignored and covered up.

In addition, Plaintiff witnessed a widespread pattern of fraud perpetuated by Defendants wherein Defendant's sales agents would fabricate bogus sales by using phony customer names and information and/or misappropriating actual customer personal information and forging customer signatures in exchange for sales commissions and bonuses, contrary to Defendants' policies and applicable laws and regulations totaling hundreds of thousands of dollars of fraudulent sales. Again, Plaintiff notified his superiors about the widespread fraudulent scheme, which was ignored and covered up.

After realizing that Defendants' refusal to investigate the widespread fraudulent business practices, Plaintiff continued to investigate. To that end, Plaintiff worked with other employees of Defendants such as Mike Laramie and Sonia Kury who discovered even more examples of the same fraudulent business practices in excess of hundreds of thousands of dollars. In that context, Plaintiff became aware of other individuals who reported similar instances of fraud such as Defendants' customers and Plaintiff's co-workers such as Sonia Kury who made additional reports of fraud to my superiors which was ignored and covered up.

Plaintiff continued to report examples of the widespread ongoing fraud to my superiors in both written and verbal form. He sent his superiors approximately 200 emails laden with evidence of the ongoing fraudulent business practices. Defendants continued to ignore and cover up the fraud which made Plaintiff increasingly uncomfortable, so he continued to report my heightened concerns verbally on a weekly basis to my superiors. After realizing that Defendants were complicit and enabling the fraud, Plaintiff contacted Jason Blood with the Michigan Department of Insurance fraud division on or around January 2022. At that time, Plaintiff provided Mr. Blood with emails and documents showing Defendants' fraud and money laundering scheme. Defendants continued to conceal the widespread fraud that Plaintiff uncovered by terminating his employment and access to information relevant to the investigations.

**INTERROGATORY NO. 3:** IDENTIFY each PERSON with whom you discussed any "instances of unethical and potentially illegal business practices" alleged in paragraph 21 of the COMPLAINT.

**ANSWER:** See Answers to Interrogatories Nos. 1 & 2. By way of further response, Plaintiff discussed Defendants' unethical and illegal business practices with various representatives of Defendants' and third party witnesses such as Mike Laramie, Sonia Kury, Josh Dishong, Zach Hart, Rob Gray, Debbie Gamble, Dominic Bertini, Joel Scarboro, David Zophin, Steve Greer, and Justin Blood.

**INTERROGATORY NO. 4:** Describe each of the "customer complaints and reports from sales agents" alleged in paragraph 22 of the COMPLAINT.

**ANSWER:** See Plaintiff's Answer to Interrogatory Nos. 2 & 3. Discovery ongoing.

**INTERROGATORY NO. 5:** Describe each of the "investigations of numerous reports of unethical and potentially illegal sales practices" alleged in paragraph 23 of the COMPLAINT.

**ANSWER:** See Plaintiff's Answer to Interrogatory Nos. 2 & 3. Discovery ongoing.

**INTERROGATORY NO. 6:** Describe the "clear pattern of unethical and potentially illegal business practices on behalf of Defendants and Defendants' sales agents" alleged in paragraph 24 of the COMPLAINT.

**ANSWER:** See Plaintiff's Answer to Interrogatory Nos. 2 & 3. Discovery ongoing.

**INTERROGATORY NO. 7:** Describe each instance in which YOU "escalated the unethical and potentially illegal sales practices ... to Defendants' executive management team," as alleged in paragraph 25 of the COMPLAINT.

**ANSWER:** See Plaintiff's Answer to Interrogatory Nos. 2 & 3. Discovery ongoing.

**INTERROGATORY NO. 8:** Describe the factual basis for YOUR allegation in paragraph 27 of the COMPLAINT that "Defendants' executive management team would typically ignore, cover up, or otherwise conceal the unethical and potentially illegal sales practices."

**ANSWER**: See Plaintiff's Answer to Interrogatory No. 2. Discovery ongoing.

**INTERROGATORY NO. 9:** Describe each report YOU made to the Michigan Department of Insurance, as alleged in paragraph 32 of the COMPLAINT.

**ANSWER**: See Plaintiff's Answer to Interrogatory No. 2. Discovery ongoing.

**INTERROGATORY NO. 10:** IDENTIFY each PERSON at the Michigan Department of Insurance with whom YOU communicated regarding alleged unethical and potentially illegal business practices on behalf of Defendants and Defendants' sales agents.

**ANSWER**: See Plaintiff's Answer to Interrogatory Nos. 2 & 3. Discovery ongoing.

**INTERROGATORY NO. 11:** IDENTIFY each PERSON who attended the November 2022 meeting alleged in paragraphs 33-35 of the COMPLAINT.

**ANSWER:**     Steve Greer, David Zophin, Joel Scarboro, Debbie Gamble, Dominic Bertini.

**INTERROGATORY NO. 12:** Describe the factual basis for YOUR allegation in paragraph 36 of the COMPLAINT that "Defendants' executive management team expressed clear displeasure with Plaintiffs protected conduct."

**ANSWER:** Verbal comments made by Plaintiff's superiors and other retaliatory conduct on behalf of Defendants after learning of Plaintiff's reports, including but not limited to Plaintiff's termination. See also Plaintiff's Answer to Interrogatory No 2.

**INTERROGATORY NO. 13:** Describe the factual basis for YOUR allegation in paragraph 42 of the COMPLAINT that "Defendants' decision to terminate Plaintiff and irrevocably change the terms and conditions of his employment, was because the Plaintiff reported violations and or suspected violations of numerous laws, standards, and/or regulations to the MDOI. "

**ANSWER:** See Plaintiff's Answers to Interrogatories No. 2 and 12. Discovery ongoing.

**INTERROGATORY NO. 14:** Describe the factual basis for YOUR defenses against AIL's COUNTERCLAIM.

**ANSWER:** Plaintiff objects to Interrogatory No. 14 as it calls for a legal conclusion.  Without waiving said conclusion, the allegations contained in Defendants' Counterclaim are irrelevant to Plaintiff's

complaints of fraud and termination as a result thereof. In the alternative, Defendant's allegations that Plaintiff was terminated for reasons other than whistleblowing were pretextual and obstructionist in nature and intended to conceal Plaintiff's reports in order to further the ongoing widespread fraudulent business schemes as referenced above.

Dated: January 30, 2024

Respectfully submitted,

WILLIAMSON LAW LLP

*/s/ Amy Williamson*
Amy Williamson
429 Fourth Avenue, Ste. 300
Pittsburgh, PA 15222
awilliamson@williamsonlaw.com

John Kane
Janice Savinis
Michael Gallucci
SAVINIS, KANE & GALLUCCI LLC
436 Seventh Avenue
Suite 322 Koppers Building
Pittsburgh, PA 15219
jkane@sdklaw.com
jsavinis@sdklaw.com
mgallucci@sdklaw.com

*Attorneys for Plaintiffs*

5

1