# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SCOTT DENING, an individual,

     Plaintiff,

v.

GLOBE LIFE AMERICAN INCOME
DIVISION a/k/a AMERICAN INCOME
LIFE INSURANCE COMPANY, and
GLOBE LIFE INC.

     Defendants.

Case No. 1:23-cv-1117

Hon. Hala Y. Jarbou

**PLAINTIFF'S RESPONSES TO DEFENDANT AMERICAN INCOME LIFE INSURANCE
COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS**

**DEFINITIONS**

The following definitions are to be considered applicable with respect to each request contained herein:

1.    "PLAINTIFF," "SCOTT DEHNING," "YOU," or "YOUR" refer to Plaintiff Scott Dehning.

2.    "AIL" refers to American Income Life Insurance Company and its employees.

3.    "INGALLS" refers to Angela Ingalls.

4.    "COMPLAINT" refers to the Civil Complaint and Jury Demand (ECF No. 1-2), filed on August 17, 2023, in the 30th Judicial Circuit for the County of Ingham County, and subsequently removed to this Court.

5.    "COUNTERCLAIM" refers to the Counterclaim (ECF No. 8), filed by AIL in this Court on October 30, 2023.

2

6.      "DOCUMENT" is synonymous in meaning with and equal in scope to the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(l)(A), including, but not limited to, any kind of written, typewritten, computerized, printed, or recorded material whatsoever, including, but not limited to, notes, memoranda, diaries, calendars, letters, emails, websites, invoices, repair or work orders, receipts, reports, telegrams, photographs, slides, negatives, films, video recordings, pictorial representations, publications, contracts, recordings, transcriptions of recordings, and business records, including, but not limited to, originals, duplicates, all file copies, all other copies (with or without notes or changes thereon) no matter how prepared, drafts, working papers, routing slips, computer media, magnetic media, and similar materials. This definition includes all DOCUMENTS for which privilege is claimed. Furthermore, if copies, reproductions, or facsimiles of a DOCUMENT are not identical because

of handwritten notations, initials, identifying marks, or any other modification, each such nonidentical copy is a separate DOCUMENT within the meaning of this definition.

7.     "COMMUNICATIONS" means any act, action, oral speech, written correspondence, contact, expression of words, thoughts, ideas, transmission or exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, email, facsimile, text message, instant message, direct message, recorded message or any other process - electronic, computer, or otherwise. All such communications in writing shall include, without limitation, printed, typewritten, handwritten, electronic, or other DOCUMENT(S).

8.     "PERSON" refers to any natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

9.     "RELATING TO" means concerning, describing, evidencing, supporting, refuting, or discussing the referenced matter.

10.     "INCLUDING" shall be construed as broadly as possible and shall mean "but not limited to."

11.     Whenever used herein, the singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa. "Each" includes the word "every" and "every" includes the word "each"; "any" includes the word "all" and "all" includes the word "any"; and "and" includes the word "or" and "or" includes the word "and," as necessary, to bring within the scope of a request DOCUMENTS that might otherwise be construed to be outside its scope.

## **INSTRUCTIONS**

12.     These Requests for Production call for all DOCUMENTS and COMMUNICATIONS that are known or available to YOU, including all DOCUMENTS and

COMMUNICATIONS in the possession, or in the custody or control of YOUR attorneys, agents, officers, principals, employees, representatives, or other PERSONS acting under YOUR authorization, employment, direction or control.

13.     These Requests for Production apply to all DOCUMENTS and COMMUNICATIONS in YOUR possession, custody, or control, regardless of their location and regardless of whether such DOCUMENTS and COMMUNICATIONS are held by YOUR agents, employees, representatives, attorneys, or any other PERSON.

14.     These Requests for Production are continuing in nature.  In the event YOU become aware of or acquire possession, custody, or control of additional DOCUMENTS or COMMUNICATIONS responsive to these Requests for Production, YOU shall promptly produce such additional DOCUMENTS or COMMUNICATIONS for inspection and copying.

15.     In producing the DOCUMENTS, all DOCUMENTS which are physically attached to each other shall be left so attached. DOCUMENTS which are segregated or separated from other DOCUMENTS, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or other methods, shall be left so segregated or separated. DOCUMENTS shall be retained in the order in which they were maintained in the file where found.

16.     If any responsive DOCUMENTS are maintained as electronically stored information, those DOCUMENTS are to be translated into .tiff, single page text, .opt, and .dat file formats produced on a DVD or other electronic media of large storage capacity. Any such electronically stored documents are to be produced in text-searchable format. If email is being provided as part of any response, such email shall contain the following fields: to, from, cc, bee, subject, file name, date, and time. As to COMMUNICATIONS, if text messages, direct messages, or social media communications are being provided as part of any response, they must include the

names of all senders and/or recipients, as well as the dates of each COMMUNICATION, and each one must include all available metadata provided in a load file. If videos or recordings are being provided as part of any response, each one must include all available metadata provided in a load file.

17.     Identify all responsive DOCUMENTS that have been lost, discarded, or destroyed. In so doing, state the type of DOCUMENT, its date, the approximate date it was lost, discarded, or destroyed, and the identity of each PERSON having knowledge of the contents thereof.

18.     If YOU find the meaning of any term in these requests unclear, YOU shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

19.     Each paragraph and subparagraph herein should be construed independently and not by reference to any other paragraph or subparagraph of these document requests for purposes of limitation.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**      All COMMUNICATIONS, including without limitation e-mails, text

messages, and voice recordings, between YOU and INGALLS.

**RESPONSE:** Plaintiff objects to Request No. 1 as overly broad, burdensome, and not reasonably calculated to lead to admissible evidence.  Without waiving said objection, Plaintiff has already provided Defendants with copies of all relevant correspondence between Plaintiff and Ingalls during his employment with Defendants.


**REQUEST NO. 2:**      All DOCUMENTS, including all COMMUNICATIONS, relating to

INGALLS's application(s) for employment with AIL.

**RESPONSE:**  Plaintiff objects to Request No. 2 as overly broad, burdensome, and not reasonably calculated to lead to admissible evidence.  Without waiving said objections, Plaintiff already provided Defendants with copies of any potentially responsive documents during his employment with Defendants.


**REQUEST NO. 3:** All DOCUMENTS, including all COMMUNICATIONS, relating to the

allegations in the COUNTERCLAIM.

**RESPONSE:**  Plaintiff objects to Request No. 3 as overly broad, burdensome, and not reasonably calculated to lead to admissible evidence.  Plaintiff further objects to Request No. 3 as it calls for a legal conclusion.  Without waiving said objections, Plaintiff previously provided Defendants with copies of communications relating to the allegations in the Counterclaim.  Without waiving said objections, none. Discovery ongoing.


**REQUEST NO. 4:** All DOCUMENTS, including all COMMUNICATIONS, relating to YOUR

employment with AIL.

**RESPONSE:**  Plaintiff objects to Request No. 4 as overly broad, burdensome, and not reasonably calculated to lead to admissible evidence.  Plaintiff further objects to the extent that Defendants are already in possession of said documents.  Specifically, Plaintiff directs Defendants to access said documents via Plaintiff's work email account and computer which are currently in the possession and control of Defendants, and which Defendants revoked Plaintiff's access to at the time of Plaintiff's termination. By way of further response, see documents designated at DEHNING0001-DEHNING0065.

**REQUEST NO. 5:** All DOCUMENTS, including all COMMUNICATIONS, relating to the

"numerous instances of unethical and potentially illegal business practices" alleged in paragraph 21

of the COMPLAINT.

**RESPONSE**:  Plaintiff objects to Request No. 5 as it calls for a legal conclusion. Plaintiff further objects to the extent that Defendants are already in possession of said documents.  Specifically, Plaintiff directs Defendants to access said documents via Plaintiff's work email account and computer which are currently in possession and control of Defendants, and which Defendants revoked Plaintiff's access to at the time of Plaintiff's termination.  Without waiving said objections, see documents designated as DEHNING0001, DENING0029-0034, DEHNING0040-0042, DEHNING0046-0053, DEHNING0056-0059, DEHNING0047-0050, DEHNING0051-0054, DEHNING0059-0062, DEHNING0061, and DEHNING0064-0065.


**REQUEST NO. 6:** All DOCUMENTS, including all COMMUNICATIONS, relating to the

"customer complaints and reports from sales agents" alleged in paragraph 22 of the COMPLAINT.

**RESPONSE:**  Plaintiff objects to Request No. 6 as Defendants are already in possession of said documents.  Plaintiff further directs Defendants to access said documents via Plaintiff's work email account and computer which are currently in possession and control of Defendants, and which Defendants revoked Plaintiff's access to at the time of Plaintiff's termination.  Without waiving said objections, see documents designated as DEHNING0001, DENING0029-0034, DEHNING0040-0042, DEHNING0046-0053,        DEHNING0056-0059,        DEHNING0047-0050,        DEHNING0051-0054, DEHNING0059-0062, DEHNING0061, and DEHNING0064-0065.


**REQUEST NO. 7:** All DOCUMENTS, including all COMMUNICATIONS, relating to the

"investigations of numerous reports of unethical and potentially illegal sales practices" alleged in

paragraph 23 of the COMPLAINT.

**RESPONSE:**  Plaintiff objects to Request No. 7 as Defendants are already in possession of said documents.  Plaintiff further directs Defendants to access said documents via Plaintiff's work email account and computer which are currently in possession and control of Defendants, and which Defendants revoked Plaintiff's access to at the time of Plaintiff's termination.  Without waiving said objections, see documents designated as DEHNING0001, DENING0029-0034, DEHNING0040-0042, DEHNING0046-0053,        DEHNING0056-0059,        DEHNING0047-0050,        DEHNING0051-0054, DEHNING0059-0062, DEHNING0061, and DEHNING0064-0065.

**REQUEST NO. 8:** All DOCUMENTS, including all COMMUNICATIONS, relating to YOUR

"escalat[ion of] the unethical and potentially illegal sales practices ... to Defendants' executive

management team," as alleged in paragraph 25 of the COMPLAINT.

**RESPONSE:**  Plaintiff objects to Request No. 8 as Defendants are already in possession of said documents.  Plaintiff further directs Defendants to access said documents via Plaintiff's work email account and computer which are currently in possession and control of Defendants, and which Defendants revoked Plaintiff's access to at the time of Plaintiff's termination.  Without waiving said objections, see documents designated as DEHNING0001, DENING0029-0034, DEHNING0040-0042, DEHNING0046-0053, DEHNING0056-0059, DEHNING0047-0050, DEHNING0051-0054, DEHNING0059-0062, DEHNING0061, and DEHNING0064-0065.

**REQUEST**  **NO. 9:**  All DOCUMENTS, including all COMMUNICATIONS, relating to

"Defendants' executive management team ignor[ing], cover[ing] up, or otherwise conceal[ing] the

unethical and potentially illegal sales practices," as alleged in paragraph 27 of the COMPLAINT.

**RESPONSE:**  Plaintiff objects to Request No. 9 as Defendants are already in possession of said documents.  Plaintiff further directs Defendants to access said documents via Plaintiff's work email account and computer which are currently in possession and control of Defendants, and which Defendants revoked Plaintiff's access to at the time of Plaintiff's termination.  Without waiving said objections, see documents designated as DEHNING0001, DENING0029-0034, DEHNING0040-0042, DEHNING0046-0053, DEHNING0056-0059, DEHNING0047-0050, DEHNING0051-0054, DEHNING0059-0062, DEHNING0061, and DEHNING0064-0065.

**REQUEST NO. 10:**  All DOCUMENTS, including all COMMUNICATIONS, relating to YOUR

reports to the Michigan Department of Insurance, alleged in paragraph 32 of the COMPLAINT.

**RESPONSE:**  Plaintiff objects to Request No. 10 as Defendants are already in possession of said documents.  Plaintiff further directs Defendants to access said documents via Plaintiff's work email account and computer which are currently in possession and control of Defendants, and which Defendants revoked Plaintiff's access to at the time of Plaintiff's termination.  Without waiving said objection, see document designated as DEHNING0001. Discovery ongoing.

**REQUEST NO. 11:**  All DOCUMENTS, including all COMMUNICATIONS, relating to the

November 2022 meeting alleged in paragraphs 33-35 of the COMPLAINT.

**RESPONSE**:  Plaintiff objects to Request No. 12 as Defendants are already in possession of said documents.  Plaintiff further directs Defendants to access said documents via Plaintiff's work email account and computer which are currently in possession and control of Defendants, and which Defendants revoked Plaintiff's access to at the time of Plaintiff's termination.

**REQUEST   NO.  12:** All   DOCUMENTS,   including   all   COMMUNICATIONS,   relating   to   "Defendants' executive management team express[ing] clear displeasure with Plaintiffs protected conduct," as alleged in paragraph 36 of the COMPLAINT.

**RESPONSE:**   Plaintiff is not aware of any such documents.  Discovery ongoing.


**REQUEST   NO.  13:** All   COMMUNICATIONS,   including   without   limitation   e-mails,   text   messages, and voice recordings, between YOU and any PERSON at the Michigan Department of Insurance.

**RESPONSE:**   See Plaintiff's Responses to Requsts No. 5-8.


**REQUEST   NO.  14:**   All   COMMUNICATIONS,   including   without   limitation   e-mails,   text   messages, and voice recordings, between YOU and any PERSON RELATING TO any unethical or potentially illegal sales practices by AIL sales agents.

**RESPONSE:**   See Plaintiff's Responses to Requsts No. 5-8.


**REQUEST   NO.   15:**   All   COMMUNICATIONS,   including   without   limitation   e-mails,   text   messages,   and   voice   recordings,   between   YOU   and   any   PERSON   RELATING   TO   YOUR   termination from AIL.

**RESPONSE:**   Plaintiff objects to Request No. 15 as overly broad and burdensome.  Without waiving said objection, see documents designated as DEHNING0001-DEHNING0065.


**REQUEST NO. 16:** All DOCUMENTS, including all COMMUNICATIONS, relating to YOUR claims against AIL.

**RESPONSE:**   Plaintiff objects to Request No. 16 as it calls for a legal conclusion.  Plaintiff further objects as Defendants are already in possession of said documents.  Plaintiff further directs Defendants to access said documents via Plaintiff's work email account and computer which are currently in possession and control of Defendants, and which Defendants revoked Plaintiff's access to at the time of Plaintiff's

termination. Without waiving said objection, see documents designated as DEHNING0001-DEHNING0065.

**REQUEST NO. 17:** All DOCUMENTS RELATING TO any damages claimed by YOU in the

COMPLAINT.

**RESPONSE:**   Plaintiff objects to Request No. 17 as it calls for a legal conclusion.  Plaintiff further objects as Defendants are already in possession of said documents. Plaintiff further directs Defendants to access said documents via Plaintiff's work email account and computer which are currently in possession and control of Defendants, and which Defendants revoked Plaintiff's access to at the time of Plaintiff's termination. Without waiving said objections, see documents designated as DEHNING0029-33. Discovery ongoing.

**REQUEST NO. 18:** All DOCUMENTS, including all COMMUNICATIONS, relating to YOUR

defenses against AIL's COUNTERCLAIM.

**RESPONSE:**   Plaintiff objects to Request No. 18 as it calls for a legal conclusion.  Plaintiff further objects as Defendants are already in possession of said documents. Plaintiff further directs Defendants to access said documents via Plaintiff's work email account and computer which are currently in possession and control of Defendants, and which Defendants revoked Plaintiff's access to at the time of Plaintiff's termination. Without waiving said objection, see documents designated as DEHNING0001-DEHNING0065.  Discovery ongoing.

Dated:  January 24, 2024                          Respectfully submitted,

                                                  WILLIAMSON LAW LLC

                                                  *Isl Amy Williamson*
                                                  PA I.D. No. 90657
                                                  429 Fourth Avenue
                                                  Pittsburgh, PA 15219
                                                  Telephone: (412) 600-8862
                                                  awilliamson@awilliamsonlaw.com

                                                  SAVINIS, KANE & GALLUCCI, LLP
                                                  John R. Kane
                                                  Janice M. Savinis
                                                  Michael Gallucci
                                                  436 Seventh Avenue

Suite 322 Koppers Building
Pittsburgh, PA 15219
jkane@sdklaw.com
jsavinis@sdklaw.com
mgallucci@sdklaw.com
**Attorneys for Plaintiff**

1