# Exhibit F

# KING & SPALDING

King & Spalding LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Tel: +1 202 737 0500
Fax: +1 202 626 3737

Kathleen A. Sacks
Counsel
Direct Dial: +1 202 626 2999
ksacks@kslaw.com

February 13, 2024

***Via Email***

Tim P. Seeger
**GREWAL LAW, PLLC**
801 Broadway Ave., NW, Ste. 302
Grand Rapids, MI 49504
Tel: (616) 259-8463
Email: tseeger@4grewal.com

Amy N. Williamson
**WILLIAMSON LAW LLC**
355 Parkway Drive
Pittsburgh, PA 15228
Tel: (412) 600-8862
Email: awilliamson@awilliamsonlaw.com

John R. Kane, Esquire
**SAVINIS, KANE, & GALLUCCI, LLC**
436 Seventh Avenue
Suite 700 Koppers Building
Pittsburgh, PA 15219
Tel: (412) 227-6556
Email: jkane@sdklaw.com

**Re:**   ***Meet and Confer re Plaintiff's Discovery Responses***

Dear Counsel:

I write to meet and confer regarding the Responses of Plaintiff Scott Dehning ("Plaintiff") to Defendant American Income Life Insurance Company's ("AIL") Request for Production of Documents and First Set of Interrogatories (collectively, Plaintiff's "Responses"), and Plaintiff's Initial Disclosures, each of which is deficient in numerous respects. Please let me know your availability to confer on Friday, February 16th, or Tuesday, February 20th, to discuss the issues below.

## I.   Plaintiff Has Waived All Objections

AIL served its First Set of Interrogatories ("Interrogatories") and First Set of Requests for Production ("Requests for Production") to Plaintiff on December 8, 2023. Plaintiff's Responses were due on January 11, 2024, but Plaintiff **failed to serve Responses until January 29, 2024**. By failing to timely respond, Plaintiff has waived any objections to the Interrogatories and Requests for Production and may not withhold any documents or information based on the objections asserted in his Responses. *See Carfagno v. Jackson Nat'l Life Ins. Co.,* No. 5:99CV118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) ("As a general rule, failure to object to

February 13, 2024
Page 2

discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection.") (internal quotations omitted).

## II.   Responses to Requests for Production

Even if Plaintiff had not waived his objections, which he did, the objections he asserts do not provide a basis for refusing to produce responsive documents:

- **Overly Broad.**  Plaintiff objects to Requests Nos. 1-4 and 15 as overly broad. This is an improper boilerplate objection as these requests are narrowly tailored to the specific allegations in Plaintiff's Complaint and AIL's Counterclaim and seek documents directly related to the subjects at issue in this matter.

  Requests Nos. 1-3 are narrowly tailored to seek communications only between Plaintiff and Angela Ingalls, communications relating to the allegations in AIL's Counterclaim, and all documents relating to Ingalls's application for employment with AIL. Plaintiff has directly placed such communications and documents at issue by alleging he was wrongfully terminated by AIL.  Further, these communications and documents are directly relevant to AIL's Counterclaim, which asserts that AIL's legitimate reason for terminating Plaintiff was his harassing and retaliatory behavior toward Ingalls after she ended their personal relationship.  Lastly, these Requests for Production are proportional to the needs of the case, as AIL does not otherwise have access to Plaintiff's personal communications.

  Requests Nos. 4 and 15 seek all documents, including all communications, relating to Plaintiff's employment with AIL and all communications involving Plaintiff that relate to Plaintiff's termination from AIL. These requests are narrowly tailored and directly relate to Plaintiff's wrongful discharge claim, the claim of Plaintiff's awareness of misconduct by AIL, and the claim that Plaintiff escalated his concerns regarding the misconduct to AIL's executive management team.

- **Not Reasonably Calculated to Lead to Discovery of Admissible Evidence.**  Plaintiff also objects to Requests Nos. 1-4 and 15 as not reasonably calculated to lead to admissible evidence. Once again, these boilerplate objections are improper as these Requests are narrowly tailored to seek discovery that is relevant to Plaintiff's Complaint and/or AIL's defenses and Counterclaim. Notably, discovery need not be admissible in evidence to be discoverable. *See Wolverine World Wide, Inc. v. Am. Ins. Co.*, No. 119CV00010JTNSJB, 2022 WL 4986930, at \*2 (W.D. Mich. May 13, 2022) ("Information within the scope of discovery need not be admissible in evidence to be discoverable").

- **Legal Conclusion.** Plaintiff also objects to Requests Nos. 3, 5, and 16-18 on grounds they call for a legal conclusion.  Plaintiff fails to explain how any of these Requests require a legal conclusion—they do not—and fails to identify any documents being withheld subject to that objection.

- **Already in AIL's Possession.** Plaintiff also objects to Requests Nos. 4-11 and 13-18 on the basis that they are already in AIL's possession. Plaintiff appears to point to the fact that

February 13, 2024
Page 3

he previously provided "copies of all relevant correspondence between Plaintiff and Ingalls during his employment with Defendants" (*see* Response No. 1) and that "Plaintiff's work email account and computer … are currently in possession and control of Defendants" (*see* Response No. 5) to attempt to avoid his discovery obligations. Any materials Plaintiff previously provided to AIL during the course of his employment were self-selected, partial and incomplete, and did not meet Plaintiff's obligations to search for and produce all responsive information under the federal rules. Further, the Requests above are not limited to seeking information contained in Plaintiff's prior work email account—they require Plaintiff to search for and produce responsive documents in Plaintiff's custody and control, including but not limited to in his personal email account and text messages.

Plaintiff has not provided any legitimate grounds for refusing to produce all non-privileged documents that are responsive to the Requests for Production above and must produce such documents immediately. All responsive answers and documents, including the types of documents described above, must be produced. If Plaintiff does not possess such documents, we have serious concerns that Plaintiff failed to preserve relevant documents in accordance with his obligations, which we can discuss further when we confer on this subject.

### III.    Issues With the Existing Productions

There are significant issues with the documents that have been produced.  By way of example only:

- Plaintiff has failed to produce electronically in the manner specified by AIL in its Requests.[1]  *See* Fed. R. Civ. P. 34(b)(1)(C).  Plaintiff failed to object to AIL's specified form of production or state the form of electronically stored information Plaintiff intended to use, *id.* at 34(b)(2)(D), and, in any event, any such objection would be waived.  Plaintiff's production failed to adhere to even the most basic standards for producing electronically stored information.  For example, Plaintiff appears to have produced *pictures of his cell phone screen* displaying responsive text messages and emails.  *See, e.g.*, DEHNING0029, DEHNING0030, and DEHNING0058.  Plaintiff must produce all electronically stored information in the manner specified by AIL.

- Plaintiff has produced piecemeal text messages and other documents that appear to intentionally omit details that are unfavorable to Plaintiff's interests. *See, e.g.*, DEHNING0018, DEHNING0028, and DEHNING0062. Plaintiff must produce the *entire* document, not excerpts or partial documents.

- Plaintiff has failed to produce entire categories of documents.  For example, DEHNING0001 shows an email from Justin Blood at the Michigan Department of Insurance and Financial Services presumably sent to Plaintiff's personal email account (scott14@wowway.com).  Plaintiff's document production does not include any response

---

[1] In the event the Court enters an ESI Protocol—whether the version submitted by AIL, *see* ECF No. 26, or some variation thereof—Plaintiff must produce electronically stored information in accordance with the protocol.

February 13, 2024
Page 4

to Mr. Blood's email or any additional emails sent from Plaintiff's personal email account. Plaintiff must produce all responsive documents immediately.

These issues must be remedied immediately, and all responsive documents must be produced.

## IV.     Responses to Interrogatories

Plaintiff's Answers to AIL's Interrogatories are deficient in numerous respects:

- **Interrogatory Nos. 4-5:**  Interrogatory No. 4 asks Plaintiff to describe the "complaints and reports from sales agents" that he alleged in paragraph 22 of the Complaint, and Interrogatory No. 5 asks Plaintiff to describe the "investigations of numerous reports of unethical and potentially illegal sales practices" alleged in paragraph 23 of the Complaint.  Plaintiff's answers to these Interrogatories—referring to Plaintiff's Answer to Interrogatory Nos. 2 & 3—are nonresponsive and do not describe any complaints or reports from sales agents or the details of any investigations of allegedly unethical or potentially illegal sales practices.

- **Interrogatory No. 6:**  Interrogatory No. 6 asks Plaintiff to describe the "clear pattern of unethical and potentially illegal business practices on behalf of Defendants and Defendants' sales agents" alleged in paragraph 24 of the Complaint.  Plaintiff's answer to this Interrogatory—referring to Plaintiff's Answer to Interrogatory Nos. 2 & 3—is nonresponsive and does not describe in detail any allegedly unethical behavior or business practices attributable to AIL.

- **Interrogatory No. 7:**  Interrogatory No. 7 asks Plaintiff to describe each instance in which Plaintiff "escalated the unethical and potentially illegal sales practices … to Defendants' executive management team," as alleged in paragraph 25 of the Complaint. Plaintiff's answer to this Interrogatory—referring to Plaintiff's Answer to Interrogatory Nos. 2 & 3—is nonresponsive and does not describe the details of any instances in which Plaintiff escalated allegedly illegal or unethical sales practices to AIL's executive management team.

- **Interrogatory No. 8:**  Interrogatory No. 8 asks Plaintiff to describe the factual basis for Plaintiff's allegation in paragraph 27 of the Complaint that "Defendants' executive management team would typically ignore, cover up, or otherwise conceal the unethical and potentially illegal sales practices." Plaintiff's answer to this Interrogatory—referring to Plaintiff's Answer to Interrogatory No. 2—is nonresponsive and does not provide a basis for Plaintiff's allegation that AIL's executive team ignored or covered up any unethical or potential illegal sales practices.

- **Interrogatory No. 9:**  Interrogatory No. 9 asks Plaintiff to describe each report Plaintiff made to the Michigan Department of Insurance, as alleged in paragraph 32 of the Complaint. Plaintiff's answer to this Interrogatory—referring to

February 13, 2024
Page 5

Plaintiff's Answer to Interrogatory No. 2—is nonresponsive and does not describe the details of any reports allegedly submitted to the Michigan Department of Insurance by Plaintiff.

- **Interrogatory No. 10:**  Interrogatory No. 10 asks Plaintiff to identify each person at the Michigan Department of Insurance with whom Plaintiff communicated regarding alleged unethical and potentially illegal business practices on behalf of Defendants and Defendants' sales agents. Plaintiff's answer to this Interrogatory—referring to Plaintiff's Answer to Interrogatory Nos. 2 & 3—is nonresponsive. Moreover, other than Mr. Blood, Plaintiff fails to identify any other person at the Michigan Department of Insurance with whom Plaintiff communicated regarding his allegations that AIL and AIL's agents were engaged in unethical and potentially illegal business practices.

- **Interrogatory No. 12:**  Interrogatory No. 12 asks Plaintiff to describe the factual basis for Plaintiff's allegation in paragraph 36 of the Complaint that "Defendants' executive management team expressed clear displeasure with Plaintiff's protected conduct." Plaintiff's answer to this Interrogatory—vaguely mentioning "[v]erbal comments…and other retaliatory conduct" and referring to Plaintiff's Answer to Interrogatory No. 2—is nonresponsive and does not provide a basis for Plaintiff's allegation that AIL's executive management team expressed displeasure with Plaintiff's protected conduct.

- **Interrogatory No. 13:**  Interrogatory No. 13 asks Plaintiff to describe the factual basis for Plaintiff's allegation in paragraph 42 of the Complaint that "Defendants' decision to terminate Plaintiff and irrevocably change the terms and conditions of his employment, was because Plaintiff reported violations and or suspected violations of numerous laws, standards, and/or regulations to the MDOI." Plaintiff's answer to this Interrogatory—referring to Plaintiff's Answer to Interrogatory Nos. 2 & 12—is nonresponsive and does not provide a basis for Plaintiff's allegations that AIL's decision to terminate Plaintiff was related to Plaintiff's actions reporting alleged violations or suspected violations to the Michigan Department of Insurance.

- **Interrogatory No. 14:**  Plaintiff objects to Interrogatory No. 14 on the basis it calls for a legal conclusion and on relevance grounds.  Interrogatory No. 14 asks Plaintiff to describe the factual basis for Plaintiff's defenses against AIL's Counterclaim. Plaintiff fails to explain how this interrogatory requires a legal conclusion and, in any event, Plaintiff has waived this objection.  Plaintiff's refusal to respond on the basis of relevance is also baseless, as the Interrogatory requests information directly relevant to AIL's Counterclaim.

For the reasons above, Plaintiff must supplement his Answers to Interrogatories Nos. 4-10 and 12-14 immediately and must also verify his responses.

February 13, 2024
Page 6

### V.      Initial Disclosures

Plaintiff's Initial Disclosures are also deficient. Plaintiff's Initial Disclosures were due on December 30, 2023, but Plaintiff failed to serve his Initial Disclosures until January 29, 2024. Moreover, Plaintiff failed to provide a computation for any of the nine categories of damages he seeks, as required under Fed. R. Civ. P. 26(a)(1)(A)(iii). *See also Jadian, Inc. v. Nat'l Quality Assurance USA, Inc.*, No. 1:17-CV-907, 2020 WL 3071756, at *18 (W.D. Mich. June 10, 2020), aff'd sub nom. *Epazz, Inc. v. Nat'l Quality Assurance USA, Inc*., No. 20-1552, 2021 WL 3808946 (6th Cir. Aug. 26, 2021) (Rule 26 "provides that, 'a party must, without awaiting a discovery request, provide to the other parties...a computation of each category of damages claimed by the disclosing party'").

Plaintiff must immediately supplement his Initial Disclosures and provide a computation of each category of damages he seeks and all document on which each computation is based, including materials bearing on the nature and extent of injuries suffered.  Fed. R. Civ. P. 26(a)(1)(A)(iii).

### VI.     Conclusion

Please let me know your availability on February 16th or February 20th to discuss these issues. AIL reserves all rights.

Sincerely,

*Kathleen A. Sacks*

Kathleen A. Sacks