# Exhibit G

# KING & SPALDING

King & Spalding LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Tel:  +1 202 737 0500
Fax:  +1 202 626 3737

Kathleen Sacks
Counsel
Direct Dial:  +1 202 626 2999
ksacks@kslaw.com

March 6, 2024

***Via Email***

Tim P. Seeger
**GREWAL LAW PLLC**
801 Broadway Ave., NW, Ste. 302
Grand Rapids, MI 49504
Tel: (616) 259-8463
Email:  tseeger@4grewal.com

Amy N. Williamson
**WILLIAMSON LAW LLC**
355 Parkway Drive
Pittsburgh, PA 15228
Tel: (412) 600-8862
Email:  awilliamson@awilliamsonlaw.com

John R. Kane, Esquire
**SAVINIS, KANE, & GALLUCCI, LLC**
436 Seventh Avenue
Suite 700 Koppers Building
Pittsburgh, PA 15219
Tel: (412) 227-6556
Email:  jkane@sdklaw.com

Re:   *Second Meet and Confer re Plaintiff's Discovery Responses*

Dear Counsel:

I write to follow up on the parties' March 1, 2024 meet and confer regarding Plaintiff Scott Dehning's Responses to the Requests of Defendant American Income Life Insurance Company ("AIL") for Production of Documents and First Set of Interrogatories (collectively, Plaintiff's "Responses"), and Plaintiff's Initial Disclosures.

## I.   Plaintiff Has Waived All Objections and Plaintiff's Boilerplate Objections Are Improper.

As discussed on the March 1st call, Plaintiff failed to timely respond to AIL's Interrogatories and Requests for Production and, as a result, has waived any objections to the Interrogatories and Requests for Production. *See Carfagno v. Jackson Nat'l Life Ins. Co.,* No. 5:99CV118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001).  Further, Plaintiff's purported objections on the grounds that AIL's Requests for Production are overly broad, not reasonably calculated to lead to discovery of admissible evidence, based on legal conclusions, and the documents are already in AIL's possession, do not provide a basis for Plaintiff to refuse to produce responsive documents.

March 6, 2024
Page 2

You confirmed on the March 1st call that Plaintiff is not withholding any documents or information subject to the objections noted in Plaintiff's Responses. Please notify us **immediately** if that is not the case.

## II.     Issues With the Existing Productions

There are significant issues with the documents that have been produced. As discussed on the March 1st call, Plaintiff has failed to produce electronically in the manner specified by AIL in its Requests or to adhere to the most basic standards for producing electronically stored information ("ESI").[1] Plaintiff also has produced piecemeal text messages and other documents that appear to intentionally omit details that are unfavorable to Plaintiff's interests and has failed to produce entire categories of documents.

On the March 1st call, you indicated that Plaintiff plans to wait for the Court's ruling on the ESI Protocol before providing the metadata associated with Plaintiff's production. We disagree with Plaintiff's position that there would be any scenario where the metadata should not be provided, and renew our request that Plaintiff provide all metadata associated with Plaintiff's production **immediately**.

During the March 1st call, you confirmed that Plaintiff has preserved the contents of his cell phone but that Plaintiff is no longer in possession of his company laptop. Plaintiff did not return his company laptop to AIL upon his termination (as he was required to as a former employee) and his failure to preserve the laptop is a clear violation of his obligation to preserve all potentially relevant information, documents, and other physical items that could constitute potential evidence in this case. Plaintiff's conduct is particularly egregious given that you requested that AIL preserve potentially relevant information—while at the same time failing to ensure your client complied with his own obligations. Please inform us **immediately** when Plaintiff last had the laptop in his possession and where he discarded it.

Lastly, on the March 1st call, you indicated that the documents Plaintiff produced to date were collected by Plaintiff himself and that, although you had not reviewed the examples cited in our February 13, 2024 correspondence, you are not aware of any responsive information that has not been produced. As explained on the call, it is obvious that Plaintiff's production was not complete, given the partial information that has been produced to date and entire categories of missing information (including communications between Plaintiff and Angela Ingalls, self-selected portions of which were uncovered by AIL during its prior investigation of Plaintiff). On the March 1st call, you committed to look again, and to ask Plaintiff to look again, for any responsive materials and to advise no later than **Friday, March 8, 2024** whether additional responsive materials exist.

---

[1] In the event the Court enters an ESI Protocol—whether the version submitted by AIL, *see* ECF No. 26, or some variation thereof—Plaintiff must produce electronically stored information in accordance with the Protocol.

March 6, 2024
Page 3

### III. Plaintiff's Deficient Responses to Interrogatories

As discussed on the March 1st call, Plaintiff's Answers to AIL's Interrogatories are deficient in numerous respects, including that Plaintiff's Answers to numerous Interrogatories are nonresponsive and fail to provide the detailed factual information requested. *See* February 13, 2024 correspondence discussing specific deficiencies related to Interrogatory Nos. 4-10 and 12-14.

On the March 1st call, you committed to review Plaintiff's Answers to AIL's Interrogatories and to indicate no later than **Friday, March 8, 2024** whether Plaintiff plans to supplement his Answers to Interrogatories Nos. 4-10 and 12-14. Plaintiff must also **immediately** verify his responses.

### IV. Plaintiff's Deficient Initial Disclosures

Plaintiff's Initial Disclosures are also deficient. As discussed on the March 1st call, Plaintiff has failed to provide a computation for any of the nine categories of damages he claims in paragraph 44 of his Complaint, as required under Fed. R. Civ. P. 26(a)(1)(A)(iii). *See also Jadian, Inc. v. Nat'l Quality Assurance USA, Inc.*, No. 1:17-cv-907, 2020 WL 3071756, at *18 (W.D. Mich. June 10, 2020), *aff'd sub nom. Epazz, Inc. v. Nat'l Quality Assurance USA, Inc.*, No. 20-1552, 2021 WL 3808946 (6th Cir. Aug. 26, 2021).

On the March 1st call, you committed to providing amended Initial Disclosures that include the required computation of damages no later than **Friday, March 8, 2024**.

### V. Conclusion

Please inform us immediately if you disagree with any of the above.

Sincerely,

*Kathleen A. Sacks*

Kathleen A. Sacks