STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

SCOTT DENING, an individual,

       Plaintiff,                       Case No. 1:23-CV-1117

v.                                           Hon. Hala Y. Jarbou

GLOBE LIFE AMERICAN INCOME
DIVISION a/k/a AMERICAN INCOME
LIFE INSURANCE COMPANY, and
GLOBE LIFE INC.

       Defendants.

---

| | |
|---|---|
| GREWAL LAW PLLC<br>Tim P. Seeger (P83315)<br>Attorneys for Plaintiff<br>801 Broadway NW, Suite 302<br>Grand Rapids, MI  49504<br>(616) 259-8463<br>Fax: (517) 393-3003<br>tseeger@4grewal.com | BARNES & THORNBURG LLP<br>Christina M. Janice (P86372)<br>171 Monroe Ave., NW, Suite 1000<br>Grand Rapids, Michigan 49503<br>(616) 742-3940<br>christina.janice@btlaw.com |
| SAVINIS, KANE & GALLUCCI, LLC<br>Janice M. Savnis<br>John R. Kane<br>436 Seventh Ave. #700<br>Koppers Building<br>Pittsburgh, PA 15219<br>(412) 240-3542<br>jsavinis@sdklaw.com<br>jkane@sdklaw.com<br>Attorneys for Plaintiff | |

**PLAINTIFF'S RESPONSE TO DEFENDANT, AMERICAN
INCOME LIFE COMPANY'S MOTION TO COMPEL**

**NOW COMES**, Plaintiff, Scott Dening, by and through his attorneys, Grewal Law PLLC, and Savinis, Kane & Gallucci, LLC submits the following Response to Defendant, American Income Life Company's Motion to Compel.

## I.   BACKGROUND

On or about May 2023, Defendants, American Income Life Company and Globe Life Inc. violated the Michigan Whistleblowers Protection Act by terminating Plaintiff's longstanding employment (approximately 11 years) following Plaintiff's complaints and reporting of Defendants' ongoing and widespread unethical and fraudulent business practices. On numerous occasions, Plaintiff reported to his superiors, including but not limited to the President, CEO, and other executives of Defendant American Income Life Company ("AIL"), incidents of ongoing fraudulent sales practices to include misleading, deceiving, and stealing from Defendants' customers. At the same time, said executives were being notified of similar incidents and patterns of fraudulent business practices by individuals other than Plaintiff.

Over time, Plaintiff discovered that Defendants were, at best, ignoring the widespread fraud. At worst, Defendants were actively concealing the fraud while reporting incredible financial results to the public and Securities and Exchange Commission. In any case, Defendants suddenly terminated Plaintiff without explanation and revoked his access to correspondence, emails, and other documents and information without notice.

In response to Plaintiff's Complaint, Defendants asserted, for the first time, a unique and convenient explanation for their sudden termination of Plaintiff. Defendants allege that the basis for Plaintiff's termination was that he sexually harassed Angela Ingalls, a potential employee who is also Plaintiff's former girlfriend. In fact, Defendants have asserted a cross claim against Plaintiff for allegedly sexually harassing his then girlfriend and Defendants' potential employee.

The parties have exchanged written discovery requests. Several depositions have been scheduled, including Plaintiff's deposition for April 16, 2024. Discovery is ongoing but closes May 1, 2024.

II. **LEGAL ARGUMENT**

Defendant, AIL's, Motion to Compel is based on three arguments as follows:

1)  Plaintiff failed to produce documents "in a form or forms in which [they are] ordinarily maintained or in a reasonably usable form or forms," pursuant to Federal Rule of Civil Procedure 34(b)(2).

2)  Plaintiff's Answers to AIL's Interrogatories are deficient since they were produced after the more than 30 days after service of the discovery (yet still well within the discovery period), thus potentially waiving all of Plaintiff's objections pursuant to Federal Rule of Civil Procedure 33.

3)  Plaintiff failed to include in his Initial Disclosures a computation of each category of his claimed damages pursuant to Federal Rule of Civil Procedure 26.

With regard to the third argument, Plaintiff's counsel has previously represented to defense counsel that Plaintiff is agreeable to amending his Initial Disclosures to include information related to a computation of his claimed damages. To that end, Plaintiff has produced Amended Initial Disclosures to Plaintiff as of this date. Therefore, Plaintiff's third basis is now moot.

A.  ***Plaintiff has complied with Federal Rule of Civil Procedure 34(b)(2)***

Federal Rule of Civil Procedure 34(b)(2) requires a party to produce electronically stored information in a form or forms in which it is ordinarily maintained or in a reasonably usable form.

As noted above, Plaintiff no longer has access to volumes of electronically stored information as result of Defendant's sudden revocation of his access to emails, correspondence and other information. Accordingly, Plaintiff has produced copies of everything that he does still have possession of, even if incomplete in some instances. For example, Defendant's Motion to Compel references a screenshot of an email from Plaintiff's cell phone. Indeed, that is the only manner in which Plaintiff has been able to maintain that email, i.e., while Plaintiff does not have the email, he found a photograph of that email, and thus produced the photograph.

Without question, there is no party to this case that would be more interested in producing Plaintiff's complete set of emails, and documents in this case. Ironically, said documents are in the possession and control of Defendants. Until those are produced by Defendants through the course of discovery, Plaintiff is simply unable to produce the information in any other matter. To that end, and pursuant to Rule 34(b)(2)(C), Plaintiff's counsel has previously represented to defense counsel that Plaintiff is not withholding any documents or information for any reason.

AIL asserts baseless accusations that "Plaintiff has deliberately produced documents in a manner intended to hide relevant information and impair AIL's ability to develop its case." Again, for the reasons noted above, this couldn't be further from the truth. To the contrary, Plaintiff is eager to receive his complete set of emails, correspondence and other documents *from Defendants*.

AIL goes on to argue that Plaintiff is required to produce documents in the manner in which AIL specified in its Requests pursuant to Rule 34. However, AIL's argument not only mischaracterizes F.R.C.P. 34, but its argument is misplaced. Federal Rule of Civil Procedure 34(b)(2)(B) was amended to direct a party to state any objections with specificity, and to include whether any responsive materials are being withheld on the basis of that objection. As previously communicated to AIL, and referenced above, Plaintiff has made clear that he is not withholding

any documents on any basis. For those reasons, Plaintiff has complied with Rule 34, particularly given Rule 34(b)(2)(B) allows for the common practice of producing copies of documents and electronically stored information.

Of note, AIL noticed Plaintiff's deposition for April 16, 2024.  In less than two weeks, AIL will have the opportunity to ask Plaintiff questions under oath about the manner in which these documents have been maintained.  Also if Defendants believe Plaintiff has "deliberately produced documents in a manner intended to hide relevant information" then they are free to inquire about the same.  The reality is that there is no basis for AIL's baseless (and tasteless) accusations as reflected in its Motion to Compel which fails to include any facts that could plausibly give AIL reason to believe that Plaintiff's discovery responses were somehow made in bad faith.  Ironically, as Defendants have already asked the Court to direct Plaintiff to produce documents in their preferred format, part of AIL's Motion to Compel is merely a backdoor attempt to resurrect their Motion for Entry of a Protective Order and Order Regarding Discovery of Documents and Electronically Stored Information which this Honorable Court already denied.

### B.  Plaintiff has Complied with F.R.Civ.P. 33 by Providing Full, Responsive Answers to AIL's Interrogatories

AIL argues that Plaintiff's Answers to certain Interrogatories are somehow deficient because Plaintiff does not elaborate in great detail, at least to the level of detail that AIL seems to believe is necessary, every fact that could potentially be responsive to every Interrogatory.  For example, AIL references several Answers wherein Plaintiff refers AIL to his other Answers rather than reiterating the same Answers.  However, AIL fails to cite to any legal authority that requires Plaintiff to provide more detailed information in his Answers, particularly since AIL has no basis to believe, let alone assert, that such additional facts or details are necessary to respond to the

discovery requests. As noted above, these are issues appropriate for Plaintiff's deposition which AIL will have every opportunity to explore in less than two weeks.

AIL goes on to argue that, pursuant to Rule 33, Plaintiff has waived all objections asserted in his Answers since Plaintiff's Answers were served more than 30 days after service. Admittedly, Fed. R. Civ. P. 33(b)(4) does provides that any ground for objecting to an interrogatory "not stated in a timely objection is waived unless the court, for good cause shown, excuses the failure." AIL fails to acknowledge, however, that **the waiver provisions stated in Federal Rules of Civil Procedure 33 and 34 are not applied automatically by courts in this Circuit**. *Bell v. Korkis*, 2023 U.S. Dist. LEXIS 198925 (E.D. Mich. 2023) (emphasis added).

For example, in *Baker v. City of Trenton*, 18-2181 (6th Cir. 2019), the Court found that courts in this Circuit have steered away from treating the 30-day discovery response deadline as <u>requiring</u> waiver. Finding that the 30-day waiver provisions are "not a bright-line rule," the *Baker* Court explained that district courts "examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests to determine whether enforcement of the waiver is equitable." *Id.* (quoting *Palombaro v. Emery Fed. Credit Union*, No. 1:15-cv-792, 2017 U.S. Dist. LEXIS 6365, at *10 (S.D. Ohio Jan. 17, 2017)). The question of waiver is left to the sound discretion of the Court. *See Id.; see also Cooey v. Strickland*, 269 F.R.D. 643, 648 (S.D. Ohio 2010).

In *Palombaro*, plaintiff's objections were served approximately a week late. On balance, the Court held that the defendant was on notice of the nature of plaintiffs' objections and could not claim that it was unfairly surprised by the objections. The Court exercised its discretion and excused the untimeliness of plaintiff's objections since the delay in serving plaintiff's objections

was minimal.  Such delays "constitute minor technical violations of the discovery rules" and do not justify the waiver of the objections in this case. The Court concluded that "it would be inequitable to waive plaintiffs' objections given the brief delay in serving the objections and in the absence of any showing of prejudice to defendant by such brief delay." *Id.  See, Bd. of Educ. of Evanston Twp. High Sch. Dist. No. 202, Cook Cty., Ill. v. Admiral Heating & Ventilating, Inc.*, 104 F.R.D. 23, 28 (N.D. Ill. 1984) (holding that any finding of waiver as to defendants who served late responses would be "an uncalled-for punitive measure" where their responses were served "well before plaintiffs filed their motion to compel" and their legal arguments were "essentially the same" as those defendants who served timely responses).  *See also, Raub v. Moon Lake Prop. Owners Ass'n*, No. 15-cv-13480, 2016 U.S. Dist. LEXIS 148812, 2016 WL 6275392, at *3 (E.D. Mich. Oct. 27, 2016); *United States ex rel. Burroughs v. Denardi Corp.*, 167 F.R.D. 680, 687 (S.D. Cal. 1996);

Here, AIL emailed its Interrogatories to Plaintiff's counsel on or about December 8, 2023.  Plaintiff served its Answers on January 30, 2024.  Similar to the fact scenarios in the *Bell*, *Baker*, and *Palombaro* cases, Plaintiff's delay of approximately a couple of weeks is minor and has resulted in no prejudice to AIL.  What is more, AIL's counsel original service of discovery on counsel via email was improper according to Defendants.[1]  Plaintiff served his own discovery requests on Defendant via the same method (i.e., email), and Defendant objected, stating that "the parties do not have an agreement to serve electronically." *See,* Email from Attorney Sacks dated March 22, 2024 attached hereto as Exhibit "A".  In short, it is clear that AIL has suffered no prejudice whatsoever, and instead may be more focused on gamesmanship.

---

[1] The Certificate of Service indicates the discovery requests were also served as a hard copy via U.S. Mail.  Plaintiff is not in a position to admit or deny that a hard copy was also served via U.S. Mail.  If a hard copy was sent via mail, then the date on which discovery responses were due would have been extended.

### III.     CONCLUSION

For the aforementioned reasons, Defendant AIL's Motion to Compel should be denied.

Dated: April 3, 2024                                      Respectfully submitted,

SAVINIS, KANE & GALLUCCI, LLP
*/s/ John R. Kane*

436 Seventh Ave. #700
Koppers Building
Pittsburgh, PA 15219
(412) 227-6556
jkane@sdklaw.com
Attorneys for Plaintiff