IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT DENING, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GLOBE LIFE AMERICAN INCOME DIVISION a/k/a AMERICAN INCOME LIFE INSURANCE COMPANY, and GLOBE LIFE INC.<br><br>　　　　Defendants. | Case No. 1:23-CV-1117<br><br>Hon. Hala Y. Jarbou |

| | |
|---|---|
| SAVINIS, KANE & GALLUCCI, LLC<br>Janice M. Savinis, Esq.<br>John R. Kane, Esq.<br>436 Seventh Ave. #700<br>Koppers Building<br>Pittsburgh, PA 15219<br>(412) 240-3542<br>jsavinis@sdklaw.com<br>jkane@sdklaw.com<br>Attorneys for Plaintiff | GREWAL LAW PLLC<br>Tim P. Seeger (P83315)<br>Attorneys for Plaintiff<br>801 Broadway NW, Suite 302<br>Grand Rapids, MI  49504<br>(616) 259-8463<br>Fax: (517) 393-3003<br>tseeger@4grewal.com |

## **PLAINTIFF'S MOTION TO COMPEL**

**NOW COMES**, Plaintiff, Scott Dening, by and through his attorneys, Grewal Law PLLC, and Savinis, Kane & Gallucci, LLC submits the following motion:

1. Plaintiff brings the within motion to compel in order to force compliance with two validly served subpoenas which were ignored by former AIL executives, and current non-party witnesses, Dominic Bertini and Rob Gray.

2. On April 6, 2024, a valid subpoena issued in this matter was served on Dominic Bertini. Counsel for Mr. Bertini served objections regarding certain issues related to the subpoenaing of documents and the deposition, but did <u>not</u> indicate in the objections that Mr. Bertini was refusing to sit for a deposition. *See Bertini Objections, attached as Exhibit 1*.

3. On April 25, 2024, at the time that Mr. Bertini's deposition was to occur virtually over Zoom, Mr. Bertini was nowhere to be found.

4. On April 10, Rob Gray was served with a subpoena, setting forth his deposition for almost three weeks later on April 29, 2024.[1] Plaintiff's counsel did not receive objections to the subpoena.

5. On April 29, 2024 at 10:30 a.m. at the time sent for his deposition, Plaintiff and Defendant were present via Zoom for the deposition of Mr. Gray. However, the witness was a no-show. The day after the deposition, Plaintiff's counsel received untimely objections to the subpoena. *See Untimely Rob Gray Objections, attached as Exhibit 3*.

6. Plaintiff reached out to Mr. Bertini's counsel when he did not show up for the deposition, inquiring whether Mr. Bertini was refusing to attend. Mr. Bertini's counsel indicated that he would not attend a deposition.

7. Plaintiff has reached out to Mr. Gray's attorney today after receiving the untimely objections, asking if counsel would produce Mr. Gray for a future deposition. Plaintiff has not received a response to the inquiry. Additionally, although the witnesses are

---

[1] On or about April 5, 2024 an individual named Rob Gray was served with the subpoena, though it was later determined to be the wrong "Rob Gray." *See Exhibit 2.* The subpoena was corrected with the proper address and served on the correct Rob Gray on April 10, 2024.

third parties, as former AIL executives, counsel for Plaintiff has asked AIL if it has a position on this issue that it would like noted.  Plaintiff has received no response.

8. Both individuals should be held in contempt under Federal Rule of Civil Procedure 45(g) due to their willful disobedience of valid subpoenas; fees and costs should be assessed against both witnesses due to their contempt.

WHEREFORE, Plaintiff respectfully requests this Honorable Court hold both witnesses in contempt, compel the testimony of both witnesses, and order an assessment of fees and costs.

Dated: April 30, 2024

Respectfully submitted,

SAVINIS, KANE & GALLUCCI, LLP
/s/ John R. Kane

436 Seventh Ave. #700
Koppers Building
Pittsburgh, PA 15219
(412) 227-6556
jkane@sdklaw.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT DENING, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GLOBE LIFE AMERICAN INCOME DIVISION a/k/a AMERICAN INCOME LIFE INSURANCE COMPANY, and GLOBE LIFE INC.<br><br>　　　　Defendants. | Case No. 1:23-CV-1117<br><br>Hon. Hala Y. Jarbou |

| | |
|---|---|
| SAVINIS, KANE & GALLUCCI, LLC<br>Janice M. Savinis, Esq.<br>John R. Kane, Esq.<br>436 Seventh Ave. #700<br>Koppers Building<br>Pittsburgh, PA 15219<br>(412) 240-3542<br>jsavinis@sdklaw.com<br>jkane@sdklaw.com<br>Attorneys for Plaintiff | GREWAL LAW PLLC<br>Tim P. Seeger (P83315)<br>Attorneys for Plaintiff<br>801 Broadway NW, Suite 302<br>Grand Rapids, MI  49504<br>(616) 259-8463<br>Fax: (517) 393-3003<br>tseeger@4grewal.com |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS
MOTION TO COMPEL THIRD-PARTY DEPOSITIONS**

　　　　On April 6, 2024, a valid subpoena issued in this matter was served on Dominic Bertini. On April 9, 2024, a notice of deposition was served on all parties, setting a deposition of Mr. Bertini, to take place more than two weeks later, on April 25, 2024, virtually over Zoom.

Three days before the scheduled deposition of Mr. Bertini, his counsel emailed objections to Plaintiff's counsel on April 22, 2024.[2] Nowhere in the objections was there any indication that the witness was refusing to attend his deposition three days hence, on April 25, 2024. On that date, at the time of the deposition, Mr. Bertini was nowhere to be found. Plaintiff's counsel placed an objection on the record, but was without further recourse at that time.

Plaintiff's whistleblower case is based on, *inter alia,* his reporting of fraud to the Michigan Department of Insurance and Financial Services ("DIFS") after he had reported it to AIL. Dominic Bertini was Plaintiff's direct superior at AIL. In his role as Plaintiff's supervisor, Mr. Bertini was copied on emails, and discussed with Plaintiff, the various incidents of fraud that Plaintiff reported to AIL (and ultimately to DIFS).

The other individual from whom Plaintiff seeks to compel testimony is Rob Gray, another former vice president at AIL, and current non-party, who was privy to Plaintiff's reporting of fraud to AIL (and ultimately to DIFS). On April 10, Rob Gray was served with a subpoena, setting forth his deposition for almost three weeks later on April 29, 2024.[3]

Given that Dominic Bertini refused to comply with the subpoena and attend his deposition, Plaintiff's counsel, Janice Savinis, reached out to Rob Gray via cell phone to determine if he had counsel and would be attending his deposition. Mr. Gray indicated that he had counsel, but he would not provide the name or contact information of that counsel and indicated that Plaintiff would hear from his lawyers regarding his deposition.

---

[2] The majority of the objections dealt with production of documents, rather than attendance at a deposition; Mr. Bertini's counsel did place an objection regarding the distance between Bertini's house and Plaintiff's counsel law firm, despite the deposition occurring via Zoom from any location of Mr. Bertini's choosing. .

[3] On or about April 4, 2024 an individual named Rob Gray was served with the subpoena, though it was later determined to be the wrong "Rob Gray." Hence, Plaintiff updated the correct address in a new subpoena and served the correct Mr. Gray.

On April 29, 2024 at 10:30 a.m. at the time sent for his deposition, Plaintiff and Defendant were present via Zoom for the deposition of Mr. Gray.  However, the witness was a no-show.  Plaintiff was never contacted by counsel for Mr. Gray prior to the deposition.  On April 30, 2024, one day after the scheduled deposition, Plaintiff received untimely objections.

Neither the objections of Mr. Bertini, nor the untimely objections of Mr. Gray offer sufficient grounds for either witness to flout the authority of this Court, and to simply ignore a subpoena.  The witnesses have critical information related to this matter.  If either witness truly believed in the basis of their objections, then they should have filed a motion for protective order with this Court rather than to simply defy the power of this Court.

Both individuals should be held in contempt due to their obstinance in the face of valid subpoenas under Fed.R.C.P. 45(g); fees and costs should be assessed against both witnesses due to their contempt.

WHEREFORE, Plaintiff respectfully requests this Honorable Court hold both witnesses in contempt, compel the testimony of both witnesses, and order an assessment of fees and costs.

Dated: April 30, 2024

Respectfully submitted,

SAVINIS, KANE & GALLUCCI, LLP
*/s/ John R. Kane*

436 Seventh Ave. #700
Koppers Building
Pittsburgh, PA 15219
(412) 227-6556
jkane@sdklaw.com
Attorneys for Plaintif