John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Carlos A. Nevarez (SBN 324407)
cnevarez@bklwlaw.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile (949) 369-3701

Attorneys for Dominic Bertini

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

| | |
|---|---|
| SCOTT DENING,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBE LIFE AMERICAN INCOME DIVISION, et al.,<br><br>    Defendants. | Case No. 1:23-cv-01117-HYJ-PJG<br><br>Assigned to the Hon. Hala Y. Jarbou<br><br>**NON-PARTY WITNESS DOMINIC BERTINI'S OBJECTIONS TO PLAINTIFF SCOTT DENING'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, non-party Dominic Bertini ("Bertini") submits these objections to plaintiff Scott Dening's subpoena to produce documents and testify at a deposition (the "Subpoena"), dated April 3, 2024, in the above-entitled action, as follows:

## **GENERAL RESPONSE AND CONTINUING OBJECTIONS**

Mr. Bertini asserts each of the following objections to each Subpoena request. These objections are incorporated into each specific response set forth below, whether specifically referenced, and are neither waived nor limited by any specific response.

1. These responses are based on Mr. Bertini's perception and understanding of the nature and type of information requested and on information presently known and available to Mr. Bertini and his attorneys of record.

2. The Subpoena is invalid because it was not properly served upon Mr. Bertini.

3. The Subpoena is invalid under Rule 45(c)(1)(A) of the Federal Rules of Civil Procedure because it fails to specify a deposition location "within 100 miles" of Mr. Bertini's residence, employment, or location where Mr. Bertini regularly transacts business in person. Instead, the subpoenaing party's counsel is located in another state: "436 Seventh Avenue, Koppers Building Suite 700, Pittsburgh, Pennsylvania 15219."

4. Pursuant to the Case Management Order, the Subpoena is untimely. *See* Dkt. No. 18 ("All interrogatories, requests for admissions, and other written discovery requests must be served *no later than thirty days before the close of discovery*") (emphasis added). Moreover, the Court has since denied Mr. Dening's motion to extend the discovery deadline. *See* Dkt. No. 57.

5. Mr. Bertini objects to the requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, or not proportional to the needs of the case. For that reason, the Subpoena violates Rule 45(d)(1) of the Federal Rules of Civil Procedure as responding to it would impose an excessive, undue burden and expense on Mr. Bertini.

6. Mr. Bertini objects to the Subpoena because Mr. Dening has not taken steps to avoid imposing undue burden or expense on Mr. Bertini in responding to the Subpoena.

7. Mr. Bertini objects to every request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other statutory or common law limitation on disclosure.

8. Mr. Bertini objects to each request to the extent it seeks documents or information in the possession, custody, or control of Mr. Dening, the defendants, or other third parties.

9. Mr. Bertini objects to each request to the extent it seeks to require Mr. Bertini to respond on behalf of any other person or entity or seeks information not within Mr. Bertini's possession, custody, or control.

10. Mr. Bertini objects to each request to the extent it seeks information already in the possession of Mr. Dening.

11. Mr. Bertini objects to each request to the extent they are not limited to a reasonable time frame.

12. Without obligating himself to do so, Mr. Bertini reserves the right to supplement, revise, modify, or amend its responses or objections and to correct any inadvertent errors or omissions that they may contain, and to rely upon such information in subsequent proceedings, motions, or trial.

13. Mr. Bertini objects to the time, place, and manner of production specified in the requests.

## SPECIFIC RESPONSES TO DOCUMENT REQUESTS

Subject to and without waiving Mr. Bertini's general response and continuing objections, Mr. Bertini specific responses to the requests are as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents and communications regarding Plaintiff's employment to include roles and responsibilities, performance, compensation, awards, recognition, and bonuses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Mr. Bertini incorporates his general response and continuing objections above and further objects to this request as follows:  Mr. Bertini objects to this request because it is overly broad as it lacks any time parameters.  Mr. Bertini further objects to this request because it seeks documents that are beyond the scope of this action and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. The request seeks *any* and *all* documents and communications regarding Mr. Dening's employment without regard to the specific subject matter or allegations in the complaint.  Mr. Dening has made no effort to tailor this request to any allegations, claims, or defenses presented in this action.  This request seeks documents not in Mr. Bertini's possession, custody, or control. This request seeks documents and communications that are obtainable from the parties to this action or other third parties, which is more convenient, less burdensome, and less expensive.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents and communications related to unethical or fraudulent business practices conducted by or allegedly conducted by Defendants, their employees, agents or other representatives, former and current, from May of 2012 to May of 2023 including but not limited to: a) customer complaints, employee complaints, agent complaints b) responses to said complaints c) investigations related to said complaints and d) internal communications and documents related to said complaints and investigations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Mr. Bertini incorporates his general response and continuing objections above and further objects to this request as follows:  Mr. Bertini objects that the time period referenced in this request ("May of 2012 to May of 2023") is overly broad.  Mr. Bertini further objects

to this request because it seeks documents that are beyond the scope of this action and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.  Mr. Dening has made no effort to tailor this request to any allegations, claims, or defenses presented in this action.  This request seeks documents not in Mr. Bertini's possession, custody, or control. This request seeks documents and communications that are obtainable from the parties to this action or other third parties, which is more convenient, less burdensome, and less expensive.  The request is fatally vague, ambiguous, and uncertain as to the term(s) "unethical or fraudulent business practices."  This request is unintelligible.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents and communications related to unethical or fraudulent business practices conducted by or allegedly conducted on behalf of the following AIL agencies: Foti Agency, Zach Hart Agency, Schriever Organization, Arias Organization, Henderson Locker Agency, AO Globe Life Agency, and Moore Organization from May of 2012 through May of 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Mr. Bertini incorporates his general response and continuing objections above and further objects to this request as follows:  Mr. Bertini objects that the time period referenced in this request ("May of 2012 to May of 2023") is overly broad.  Mr. Bertini further objects to this request because it seeks documents that are beyond the scope of this action and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.  The request seeks *any* and *all* documents and communications regarding "unethical or fraudulent business practices" by several entities without regard to specific subject matter or allegations in the complaint.  Mr. Dening has made no effort to tailor this request to any allegations, claims, or defenses presented in this action.  This request seeks documents not in Mr. Bertini's possession, custody, or control. This request seeks documents and communications that are obtainable from the parties to this action or other third parties, which is more convenient, less burdensome, and less expensive.  The

request is fatally vague, ambiguous, and uncertain as to the term(s) "unethical or fraudulent business practices."  This request is unintelligible.

Dated:  April 22, 2024

**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**

By:  _____
     John L. Littrell
     Carlos A. Nevarez
     Attorneys for Dominic Bertini

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and I am a resident and employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, CA 92673; that I am over the age of 18 and not a party to the above-entitled action.

I am employed by a member of the United States District Court for the Central District of California, and at whose direction I caused service of the foregoing document entitled **NON-PARTY WITNESS DOMINIC BERTINI'S OBJECTIONS TO PLAINTIFF SCOTT DENING'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND FOR PRODUCTION OF DOCUMENTS** on all interested parties in this action by the method indicated below at the address stated on the attached service list.

[X]   **BY ELECTRONIC TRANSMISSION:** A PDF version of this document was transmitted from e-mail address egarcia@bklwlaw.com to the persons at the e-mail addresses listed in the service list below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ X ]   **BY MAIL**: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 22, 2024 at Los Angeles, California.

_____
Elizabeth Garcia

# SERVICE LIST

Janice M. Savinis
Savinis, Kane, & Gallucci, LLC
436 Seventh Avenue,
Koppers Building Suite 700
Pittsburgh, PA 15219
jsavinis@sdklaw.com

John R. Kane
Savinis, Kane, & Gallucci, LLC
436 Seventh Avenue,
Koppers Building Suite 700
Pittsburgh, PA 15219
jkane@sdklaw.com

Tim P. Seeger
Grewal Law PLLC (GR)
801 Broadway Ave., NW, Ste. 302
Grand Rapids, MI 49504
tseeger@4grewal.com

Anne Rose Dana
King & Spalding LLP (NY)
1185 Avenue of the Americas
New York, NY 10036
Email: adana@kslaw.com

Jeffrey Hammer
King & Spalding LLP (CA)
633 W 5th St., Ste. 1600
Los Angeles, CA 90071
Email: jhammer@kslaw.com

Kathleen A. Sacks
King & Spalding LLP (DC)
1700 Pennsylvania Ave., Ste. 200
Washington, DC 20006
Email: ksacks@kslaw.com

Sydney O. Imes
Barnes & Thornburg LLP (Grand Rapids)
171 Monroe Ave., NW, Ste. 1000
Grand Rapids, MI 49503
Email: sydney.imes@.bt1aw.com

Christina M. Janice
Barnes & Thornburg LLP (Grand Rapids)
171 Monroe Ave., NW, Ste. 1000
Grand Rapids, MI 49503
Email: christina.janice@btlaw.com