IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT DENING, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:23-cv-1117 |
| GLOBE LIFE AMERICAN INCOME DIVISION, et al. | § § § | |
| Defendants. | § | |

**NON-PARTY ROBERT GRAY'S OBJECTIONS AND RESPONSES TO SUBPOENA TO TESTIFY AT A DEPOSITION AND FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Robert Gray ("Mr. Gray") hereby serves his objections and responses to the Subpoena to testify at a deposition and for production of documents (the "Subpoena") dated April 8, 2024 that was served upon him by Scott Dening[1] ("Dening" or "Plaintiff") in the above-referenced lawsuit (the "Lawsuit").

**GENERAL OBJECTIONS**

1.   Mr. Gray objects that the Subpoena was not properly served on Mr. Gray in accordance with Federal Rule of Civil Procedure 45(a)(4), which requires that notice and copy of a subpoena be served on each party before it is served on the person to whom it is directed. Upon information and belief, Plaintiff served Defendants with notice and copy of a subpoena dated April 3, 2024, but did not serve Defendants with notice and copy of the Subpoena dated April 8, 2024, before Plaintiff served Mr. Gray with the April 8, 2024 Subpoena on April 12, 2024. Because Plaintiff failed to provide Defendants prior notice and a copy of the April 8, 2024 Subpoena before serving the Subpoena on Mr. Gray, the Subpoena is void and unenforceable. *See F.D.I.C. v.*

---

[1] Mr. Gray assumes that the Plaintiff Scott Dening is the same individual known to him as Scott Dehning, notwithstanding the minor variation in spelling.

*Kaplan*, No. 8:14-cv-2484, 2015 WL 4744361, at *3 (M.D. Fla. Aug. 10, 2015); *see also Perez v. Excel Contractors, L.L.C.*, No. 1:18-CV-439, 2019 WL 13252766, at *3 (E.D. Tex. Oct. 28, 2019); *Bronson v. Henry Ford Health Sys.*, No. 2:15-CV-10111, 2016 WL 3197555, at *3 (E.D. Mich. June 9, 2016).

2. Mr. Gray objects that the Subpoena is untimely under the Case Management Order in the Lawsuit, which states that the parties must serve any written discovery requests no later than thirty days before the close of discovery on May 1, 2024. *See* ECF No. 18, Case Management Order at 1–2. On April 18, 2024, the Court entered an order denying Plaintiff's motion to extend the discovery deadline by 45 days. *See* ECF No. 57, Order at 1. Accordingly, under the Case Management Order, Plaintiff was required to serve any written discovery requests no later than April 1, 2024, but Plaintiff did not serve Mr. Gray with the Subpoena until April 12, 2024, rendering it untimely. *See Martin v. Oakland Cnty.*, No. 2:06-cv-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008) ("A subpoena that seeks documents under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order." (citation omitted)).

3. Mr. Gray objects that the Subpoena is unreasonable and imposes an undue burden because Plaintiff served Mr. Gray with the Subpoena only ten business days before the deposition and production date of April 29, 2024. *See Arguedas v. Carson*, 20-cv-2044, 2022 WL 16629946, at *4 (S.D. Cal. Aug. 30, 2022) (denying motion to compel non-party to sit for deposition where party delayed serving subpoena for testimony and documents until two weeks before the close of fact discovery); *Colyer v. Leadec Corp.*, 4:22-cv-00193, 2023 WL 6141671, at *2 (E.D. Mo. Sept. 20, 2023) (similar). Given that Mr. Gray does not have personal knowledge of the facts underlying the claims in the Lawsuit, Plaintiff's urgent need to obtain discovery from Mr. Gray on such short

notice and immediately prior to the discovery deadline is comparatively low when balanced against its potential value and burden on Mr. Gray. Notably, Plaintiff had ample opportunity to properly serve Mr. Gray earlier in the discovery process, but instead chose to do so only a few weeks before the close of discovery, thereby unreasonably burdening Mr. Gray in contravention of Rule 45(d)(1). *See Saint-Jean v. Emigrant Mortg. Co.*, No. 11 Civ. 2122, 2015 WL 13735434, at *5 (E.D.N.Y. Oct. 7, 2015) ("Even if the Subpoenas might arguably have produced some new information relevant to Emigrant's statute of limitations defense, Emigrant and its counsel could have sought such information earlier in the discovery process, rather than one week before the close of discovery."); *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20 MISC. 23, 2020 WL 4700910, at *3 (S.D.N.Y. Aug. 13, 2020) (quashing subpoena where party's "need to obtain the information urgently is low compared to its potential value" and it "had ample time to properly serve [the recipient] . . . but instead chose to do so only days before the hearing"); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 328 (N.D. Ill. 2005) ("[E]specially because the conditions giving rise to their predicament are attributable to having waited until the last minute to notice the depositions, the motion to compel the depositions of Mr. Caldwell and Ms. Dubeau is denied.").

4. In addition to the foregoing objections to the Subpoena, Mr. Gray's responses to the Requests for documents are subject to and incorporate the following objections as if set forth fully therein. The assertion of the same, similar, or additional objections, or a partial response to any individual Request does not waive any of Mr. Gray's general objections.

5. Mr. Gray objects to the Requests for imposing an undue burden or expense on Mr. Gray to the extent Plaintiff seeks information or documents in the possession, custody, or control of any party to the Lawsuit. *See* Fed. R. Civ. P. 26(b)(1) (scope of discovery considers parties' relative access to relevant information and parties' resources); Fed. R. Civ. P. 45(d)(1) (party

issuing subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to subpoena").

6. Mr. Gray objects to the Requests for imposing an undue burden or expense on Mr. Gray to the extent they are not reasonably tailored to the claims and defenses in the Lawsuit. *See* Fed. R. Civ. P. 26(b)(1) (parties may obtain discovery regarding nonprivileged matter "that is relevant to any party's claim or defense and proportional to the needs of the case"); Fed. R. Civ. P. 45(d)(1) (party issuing subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to subpoena").

7. Mr. Gray objects to the Requests to the extent they seek information or documents not within Mr. Gray's personal possession, custody, or control.

8. Mr. Gray objects to the Requests to the extent they seek information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, regulation, or discovery protection. Nothing herein shall be deemed a waiver of any such applicable privilege.

9. Mr. Gray objects to the Requests to the extent they seek information that is confidential, proprietary, commercially sensitive, or competitively significant, or information that is subject to confidentiality obligations to third parties.

10. Mr. Gray objects to the Requests to the extent they purport to impose upon Mr. Gray any duty or obligation in excess of those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Western District of Michigan, any of the Court's Orders, or any other applicable rule.

11.     Mr. Gray reserves the right to supplement, revise, modify, or amend his responses and/or objections based on any new or additional information or to correct any inadvertent errors or omissions.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

1.  Any and all documents and communications regarding Plaintiff's employment to include roles and responsibilities, performance, compensation, awards, recognition, and bonuses.

    **RESPONSE:**

    Subject to and without waiver of the foregoing general objections incorporated herein, Mr. Gray objects to this Request because it is facially overbroad and unduly burdensome. The Request is not subject to any time parameters, nor is a Request for "any and all documents and communications regarding Plaintiff's employment" tailored to the parties' claims or defenses in the Lawsuit or proportional to the needs of the case. To the extent the Request seeks information concerning Plaintiff's employment with the Defendants, such information and documents should be sought from the Defendants because they are not in Mr. Gray's personal possession, custody, or control.

2.  Any and all documents and communications related to unethical or fraudulent business practices conducted by or allegedly conducted by Defendants, their employees, agents or other representatives, former and current, from May of 2012 to May of 2023 including but not limited to: a) customer complaints, employee complaints, agent complaints b) responses to said complaints c) investigations related to said complaints and d) internal communications and documents related to said complaints and investigations.

    **RESPONSE:**

    Subject to and without waiver of the foregoing general objections incorporated herein, Mr. Gray objects to this Request because it is facially overbroad and unduly burdensome. In the Lawsuit, Plaintiff alleges that he was retaliated against for reporting Defendants' unspecified "fraudulent sales practices" to the Michigan Department of Insurance on or about September 2022, but Plaintiff has made no effort to tailor this Request to those specific allegations or claims in the Lawsuit. Moreover, the Request for documents and information related to "unethical or fraudulent business practices" is so vague and ambiguous that Mr. Gray cannot reasonably ascertain the scope of documents and communications that would be responsive to the Request. Regardless, any information and documents that may have been received by Mr. Gray during the course of his employment should be sought from the Defendants because they are not in Mr. Gray's personal possession, custody, or control.

3.  Any and all documents and communications related to unethical or fraudulent business practices conducted by or allegedly conducted on behalf of the following AIL agencies:

Foti Agency, Zach Hart Agency, Schrieber Organization, Arias Organization, Henderson Locker Agency, AO Globe Life Agency, and Moore Organization from May of 2012 to May of 2023.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections incorporated herein, Mr. Gray objects to this Request because it is facially overbroad and unduly burdensome. In the Lawsuit, Plaintiff alleges that he was retaliated against for reporting Defendants' unspecified "fraudulent sales practices" to the Michigan Department of Insurance on or about September 2022, but Plaintiff has made no effort to tailor this Request to those specific allegations or claims in the Lawsuit. Moreover, the Request for documents and information related to "unethical or fraudulent business practices" is so vague and ambiguous that Mr. Gray cannot reasonably ascertain the scope of documents and communications that would be responsive to the Request. Regardless, any information and documents that may have been received by Mr. Gray during the course of his employment should be sought from the Defendants because they are not in Mr. Gray's personal possession, custody, or control.

Dated: April 26, 2024

Respectfully submitted,

*/s/ Ann Marie Arcadi*
Ann Marie Arcadi
Texas Bar No. 00786994
annmarie.arcadi@arcadijackon.com
Megan R. Whisler
Texas Bar No. 24079565
megan.whisler@arcadijackson.com

**ARCADI JACKSON, LLP**
2911 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219
T. 214.865.6458
F. 214.865.6522

ATTORNEYS FOR ROBERT GRAY

6

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that, on April 26, 2024, a true and correct copy of the foregoing document was served via U.S. Mail on counsel of record for Plaintiff at the address indicated below, with simultaneous copies provided to counsel of record for all parties via email.

Janice M. Savinis
Savinis, Kane, & Gallucci, LLC
436 7th Avenue, Suite 700
Pittsburgh, PA 15219

*/s/ Ann Marie Arcadi*
Ann Marie Arcadi
