UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT DENING,

    Plaintiff,

v.

GLOBE LIFE AMERICAN INCOME
DIVISION a/k/a AMERICAN INCOME
LIFE INSURANCE COMPANY, et al.

    Defendants.
_____/

Case No. 1:23-cv-1117

Hon. Hala Y. Jarbou

## ORDER

Scott Dening brings this wrongful termination action under the Michigan Whistleblowers Protection Act ("MWPA"), Mich. Comp. Laws § 15.361 et seq., against American Income Life Insurance Company ("AIL") and its parent company, Globe Life, Inc. ("Globe"). Defendants removed to this Court on the basis of diversity jurisdiction (ECF No. 1). Before the Court is Globe's motion to dismiss for lack of personal jurisdiction (ECF No. 4). The only issue is whether Dening has established this Court's ability to exercise personal jurisdiction over the parent company, Globe. The Court concludes that Dening has failed to do so.

Motions to dismiss under Rule 12(b)(2) "involve burden shifting" as follows:

> The plaintiff must first make a prima facie case, which can be done merely through the complaint. *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988). The burden then shifts to the defendant, whose motion to dismiss must be properly supported with evidence. *Theunissen [v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)]. Once the defendant has met the burden, it returns to the plaintiff, who may no longer "stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.*

*Malone v. Stanley Black & Decker*, 965 F.3d 499, 504 (6th Cir. 2020). The district court "may rely 'upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may

conduct an evidentiary hearing to resolve any apparent factual questions.'" *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 847 (6th Cir. 2017) (quoting *Theunissen*, 935 F.2d at 1458).

Dening asserts specific personal jurisdiction.  Without getting into the finer points of the personal jurisdiction analysis, Dening must at least "establish with reasonable particularity sufficient 'minimum contacts' with Michigan so that the exercise of jurisdiction over [Defendants] would not offend 'traditional notions of fair play and substantial justice.'" *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002).  Globe argues that Dening has failed to do so because he has only established sufficient minimum contacts for AIL—Dening's employer—and *not* Globe, whose only connection with Michigan is its ownership of AIL.

In his complaint, Dening, a Michigan resident, alleges that he was employed by the "Corporate Defendants" as a "Director of Sales."  (Compl. ¶¶ 1, 12, 13, ECF No. 1-2.)  He identifies both AIL and Globe as Texas corporations[1] and acknowledges that Globe is AIL's parent corporation.  (*Id.* ¶¶ 2, 5, 7.)  The only Michigan contacts that are clear from the face of the complaint are Dening's residency, the fact that he reported allegedly unethical and fraudulent sales practices to the Michigan Department of Insurance ("MDOI"), and the fact that the MDOI then apparently commenced an investigation.  (*Id.* ¶ 32-33.)  Thus, as an initial matter, the Court is left to infer that Dening was employed by one or both Defendants to sell insurance in the Michigan market.  Because AIL does not challenge this Court's jurisdiction, and because the Court must resolve all inferences in Dening's favor, the Court will assume that AIL has sufficient minimum contacts with Michigan.

---

[1] AIL appears to be an Indiana corporation, not a Texas corporation.  (Gamble Aff. ¶ 2, ECF No. 1-4.)  This makes no difference to the current analysis.

Globe argues that its mere ownership of AIL is not sufficient to establish personal jurisdiction. Indeed, "for the purpose of determining the amenability to jurisdiction of a foreign corporation which happens to own a subsidiary corporation carrying on local activities," courts must "inquire whether the *parent* has the requisite minimum contacts with the State of the forum." *Glenn v. TPI Petroleum, Inc.*, 854 N.W.2d 509, 517 (Mich. Ct. App. 2014) (emphasis added). The "ownership of the subsidiary carrying on local activities in Michigan represents merely one contact or factor to be considered in assessing the existence or non-existence of the requisite minimum contacts with the State of Michigan, but is not sufficient of itself[.]" *Id.*

While it is perhaps ambiguous on the face of the complaint, Globe has submitted an affidavit averring that it never employed nor terminated Dening. (Zorn Aff. ¶ 5, ECF No. 4-1.) Further, Globe avers that it "does not have any employees or physical presence in Michigan and does not conduct any business in Michigan." (*Id*. ¶ 4.) It does acknowledge that it is a holding company and the parent corporation of AIL. (*Id.* ¶ 3.)

Dening has failed to meet Globe's evidence with a competing affidavit of his own. He argues in his response to Globe's motion that "Defendant hired individuals with Michigan state insurance licenses to sell insurance to Michigan residents withing the state of Michigan." But Dening may not rest on mere argument or allegation at this stage—he must meet Globe's evidence with a proffer of his own. The Court is thus left with only a single plausible connection between Globe and the State of Michigan—Globe's ownership of AIL. This is insufficient.

Dening essentially asks the Court to pierce the corporate veil and consider AIL's connections to be equivalent to Globe's connections. But to do that, Dening would need to demonstrate that AIL is a "mere instrumentality" of Globe. *Glenn*, 854 N.W.2d at 716 (citing *Foodland Distrib. v. Al-Naimi*, 559 N.W.2d 379, 381 (Mich. Ct. App. 1996)). Factors used by

3

courts to pierce the corporate veil include "(1) whether the corporation is undercapitalized, (2) whether separate books are kept, (3) whether there are separate finances for the corporation, (4) whether the corporation is used for fraud or illegality, (5) whether corporate formalities have been followed, and (6) whether the corporation is a sham." *Id.* at 717 (quoting *Laborers' Pension Trust Fund v. Sidney Weinberger Homes, Inc.*, 872 F.2d 702, 704-05 (6th Cir. 1998)).  Dening has failed to plead, aver, or even argue facts supporting a single factor.

Without evidence of Globe's own contacts with Michigan and without evidence that AIL is a mere instrumentality of Globe, Dening has failed to meet his burden of production establishing that this Court may exercise personal jurisdiction over Globe.

Accordingly,

**IT IS ORDERED** that Defendant Globe Life, Inc.'s motion to dismiss for lack of personal jurisdiction (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Globe Life, Inc. is **DISMISSED** from the case.


Dated: May 13, 2024                         /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE