IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

Case No. 1:23:cv-1117

_____

SCOTT DEHNING,

v.

GLOBE LIFE AMERICAN INCOME DIVISION, et al.,

_____

**PLAINTIFF'S/CO-DEFENDANT'S BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIM**
_____

Filed on behalf of Plaintiff, Scott Dehning

Counsel of Record for this Party:

SAVINIS, KANE & GALLUCCI, LLC
John R. Kane, Esq.
436 Seventh Ave. #700
Koppers Building
Pittsburgh, PA 15219
(412) 240-3542
jkane@sdklaw.com
Attorneys for Plaintiff

## TABLE OF CONTENTS

Table of Contents……………………………………………………….…..ii

Table of Citations…………………………………………………………...iii

Argument………...………..…..……………………………….………….…1

Conclusion.…………….………………………………………………...…3

Concurrence……...………..…..……………………………….……………3

# TABLE OF CITATIONS

**<u>Michigan Supreme Court Cases</u>**

*St. Luke's Hosp. v. Giertz,*
458 Mich. 448, 454 (Mich. 1998) ………………..………………2

**<u>Michigan Appellate Court Cases</u>**

*Hamilton v. Telford*,
219 Mich. App. 225, 227 (1996) ………………..………………2

**ARGUMENT**

Defendant, American Income Life ("AIL"), has alleged as a counterclaim to Plaintiff's Whistleblower lawsuit, that Plaintiff owes equitable indemnification to AIL. Plaintiff's ex-girlfriend, Angela Ingalls, made a claim of sexual harassment to AIL, allegedly based on conduct of Plaintiff, while he was employed by AIL. After a claim was made, AIL alleges that it settled the claim with Ingalls for a total of $150,000.00. AIL seeks contribution from Plaintiff in the form of common law indemnification for the total settlement amount.

Plaintiff worked for AIL for a number of years, from 2012 until May 2023. Prior to his discharge from AIL, Plaintiff had complained to a number of his bosses about the rampant fraud that was on-going at AIL. When no remediation occurred, Plaintiff reported the fraud to the Michigan Department of Insurance and Financial Services (DIFS).

In January 2023, Ingalls made a claim through an attorney that she was sexually harassed by Plaintiff while applying for employment with AIL. No lawsuit was ever filed, and Plaintiff disputes her claims. Allegedly, AIL conducted an 'independent' investigation into the matter, and yet AIL did not consult with Plaintiff regarding the merits of the matter, nor in any negotiations with Ingalls.

In May 2023, Plaintiff was terminated from AIL. Sometime thereafter, AIL allegedly settled the claim with Ingalls for a total of "$150,000.00." AIL has failed to produce any documentation providing whether liability was established, what claims were supposedly settled, and who was released, amongst other facts.

AIL bears the burden of establishing (1) actual liability on Plaintiff, (2) that it was "held liable" by Ingalls, and (3) that it settled a claim solely based on passive, vicarious liability.

1

Common law indemnity is unavailable if claims for both passive and active fault were at issue. *See, St. Luke's Hosp. v. Giertz,* 458 Mich. 448 (Mich. 1998). Defendant has failed to establish that only passive claims were settled with Ingalls.

Because Defendant cannot establish that Plaintiff was afforded an opportunity to engage in settlement negotiations with AIL and Ingalls, AIL bears the burden of proving the actual liability alleged by Ingalls, not merely the potential liability.

> In the event that an indemnitor is not afforded the alternative of participating in a settlement or conducting the defense against the original claim, an indemnitee settling the claim will have the burden of establishing actual liability to the original plaintiff rather than the lesser burden of showing potential liability.

*St. Luke's Hosp. v. Giertz,* 458 Mich. 448, 454 (Mich. 1998).

Moreover, one is only entitled to common law indemnity if they were "held liable" for the wrongful acts of another. "The right to common-law indemnification is based on the equitable principle that where the wrongful act of one party results in another **being held liable**, the latter party is entitled to restitution." *Hamilton v. Telford*, 219 Mich. App. 225, 227 (Mich. 1996) (**emphasis** added) (citations omitted). Plaintiff suggests that AIL may have had multiple other reasons for why it might settle a baseless claim, none of which had anything to do with the merits of Ms. Ingalls' claim, and AIL was certainly not 'held liable.'

Assuming that AIL settled a claim with Ingalls, that claim may have been settled due to concerns about bad press, or as a convenient excuse as to how it can terminate Plaintiff, or any other number of reasons, none of which establish that it was held liable by simple correspondence from Ingalls' attorney. No formal litigation ensued, and yet AIL seeks $150,000.00 from Plaintiff without even consulting him prior to supposedly entering into a settlement with Ingalls.

2

## **CONCLUSION**

Defendant has (1) failed to establish actual liability on Plaintiff, (2) that it was "held liable" for Plaintiff's actions, <u>and</u> (3) that it settled a claim solely based on passive, vicarious liability.  As such, its counterclaim should be dismissed.

Dated: June 3, 2024                                         Respectfully submitted,

                                                                            SAVINIS, KANE & GALLUCCI, LLP
                                                                            <u>/s/ John R. Kane</u>

                                                                            436 Seventh Ave. #700
                                                                            Koppers Building
                                                                            Pittsburgh, PA 15219
                                                                            (412) 227-6556
                                                                            jkane@sdklaw.com

## **CONCURRENCE PURSUANT TO LOCAL RULE 7.1**

Plaintiff and Defendant corresponded regarding each other's motion for summary judgment.  Plaintiff responded to Defendant's inquiry, advising that he opposed its motion for summary judgment.  Defendant did not respond to Plaintiff's inquiry, but Plaintiff advised Defendant that it was his understanding that Defendant opposed Plaintiff/Co-Defendant's motion for summary judgment on the counterclaim/crossclaim.

## **CERTIFICATE OF PLAINTIFF'S COUNSEL PURSUANT TO LOCAL RULE 7.1(d)**

John R. Kane, counsel for Plaintiff, pursuant to Local Rule 7.2(b)(ii), hereby certifies that Plaintiff's Brief in Support was generated using Microsoft Word and is consisting of 689 words (exclusive of cover sheets, tables of contents/authorities, and exhibits).